UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ANDREW JAMES MCGONIGLE,<br>*on behalf of himself and*<br>*others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>TELEFLORA LLC<br><br>    Defendant. | Civil Action No.: 1:25-cv-00807 |

## PLAINTIFF'S MOTION TO TRANSFER VENUE

Plaintiff Andrew McGonigle ("Plaintiff") moves this Court, pursuant to 28 U.S.C. § 1404(a) for an Order transferring venue because the convenience of witnesses and parties and interests of justice are better met by proceeding before the U.S. District Court for the Central District of California.

This Court should grant this Motion because, in this Telephone Consumer Protection Act ("TCPA") case, the U.S. District Court for the Central District of California is the more suitable venue as it is the district in which the law applicable to the parties' dispute is more well settled and also where Defendant is headquartered, the most relevant events occurred, the majority of witnesses and evidence are located, and the interest of justice is otherwise best served.

## BACKGROUND

In the operative Complaint, Dkt. 38, Plaintiff alleges claims against Defendant Teleflora LLC ("Teleflora" or "Defendant") for violations of the TCPA and state law on behalf of himself, a putative nationwide class, and a Virginia subclass. Dkt. 38. These claims arise from Teleflora's initiation of unsolicited advertisement or telemarketing text messages to Plaintiff and other

1

similarly situated individuals without their prior express consent, invitation, or permission. Dkt. 38 ¶ 2.

Procedurally, this case is still in its early stages and no party would be prejudiced by transferring this action. Discovery has not yet begun and Plaintiff's operative complaint was approved by this Court's Order entered on January 23, 2026. *See* Dkt. 52. Teleflora's February 6, 2026, Motion to Dismiss the SAC is presently pending and a hearing is scheduled before this Court on March 13, 2026. *See* Dkts. 53, 54, 55

Plaintiff is a resident of the Commonwealth of Virginia. Dkt. 38 ¶¶ 5, 11, 18. Teleflora is an LLC headquartered and with corporate offices exclusively in California. *Id.* As part of its marketing and advertising activities, Teleflora conducts text messaging campaigns, including sending text message advertisements and telemarketing messages to cellular telephone numbers. Plaintiff McGonigle received such unsolicited text messages, despite the fact that he has never done business with Teleflora and never provided consent for Teleflora to contact him. Dkt. 38 ¶¶ 30, 33.

Teleflora does not appear to have a physical location in Virginia; instead all Teleflora employees appear to be located in California, including any employee involved in any text messaging campaign for Teleflora. Additionally, Teleflora does not appear to own or operate any offices in Virginia and or maintain any records or equipment in Virginia.

Moreover, after Plaintiff first filed his original Complaint in this action on May 9, 2025, *see* Dkt. 1, the Supreme Court's decision in *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 606 U.S. 146 (2025), gave rise to uncertainty as to the deference afforded to the Federal Communication Commission's ("FCC") rulings and regulations. *See id.* at 168. Indeed, Defendant's motion to dismiss is predicated almost entirely on this change in the law. *See* Dkts.

53, 54. And since the Supreme Court's decision in *McLaughlin*, the precise arguments raised in Defendant's motion to dismiss have been addressed by the Ninth Circuit and its district courts, providing clarity about the law applicable to the parties' dispute not presently available in the Fourth Circuit.

With these facts in mind, Plaintiff respectfully submits that this Court should grant Plaintiff's motion to transfer venue to the U.S. District Court for the Central District of California.

## LEGAL STANDARD

"Whether a case should be transferred to an alternative venue rests within the sound discretion of the district court." *Southwest Equip., Inc. v. Stoner & Co.*, C/A No. 6:10-1765-HMH, 2010 U.S. Dist. LEXIS 116254, 2010 WL 4484012, at *2 (D.S.C. Nov. 1, 2010) (citing *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984)). A district court may transfer a civil action to a different federal jurisdiction under 28 U.S.C. § 1404. Section 1404 is intended to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense by being required to litigate in an inconvenient forum. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotations omitted). For the convenience of the parties and witnesses, and in the interest of justice, this Court may transfer any civil action to any other district where the action "might have been brought." 28 U.S.C. § 1404(a).

In evaluating a motion seeking transfer under § 1404, a district court must determine: (a) whether the claims might have been brought in the transferee forum, and (b) whether the interest of justice and convenience of the parties and witnesses justify that transfer. *Koh v. Microtek Inter., Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). The Court may only transfer a civil action

to another district "where it might have been brought" by a plaintiff originally— meaning that the transferee district is a proper venue, has subject matter jurisdiction, and can exercise personal jurisdiction over the defendant. 28 U.S.C. § 1404(a).

As to the second consideration, courts balance nonexclusive factors, the most important including: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) interest of justice."[1] *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F.Supp. 2d 991, 995 (E.D. Va. 2011). This analysis is highly fact dependent. No single factor is dispositive, and courts have significant discretion to decide based on a case-by-case consideration of convenience and fairness. *Hengle v. Curry*, No. 3:18-cv-100, 2018 U.S. Dist. LEXIS 100939, WL 3016289 at *16 (E.D. Va. Jun. 15, 2018).

When a plaintiff moves to transfer venue, the same analysis generally applies. *See Smith v. Gen. Info. Sols., Inc.*, No. 2:18-cv-230, 2018 U.S. Dist. LEXIS 143527, at *8-9 (S.D. Ohio Aug. 23, 2018) (granting transfer sought by plaintiff to avoid defense available to defendant only in transferor forum); *Wise v. PACCAR, Inc.*, No. 2:22-cv-2689, 2024 U.S. Dist. LEXIS 81440, at 6-7 (S.D. Ohio May 3, 2024) ("[P]laintiffs, just like defendants, may invoke § 1404 to seek transfer for the convenience of the parties and the interests of justice.") (citing *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir. 1961) ("The right to a transfer under the statute is available to a plaintiff as well as a defendant. A plaintiff is not bound by his choice of forums, if he later discovers that there are good reasons for transfer."))).

## ARGUMENT

This Court should exercise its discretion and transfer the case to the Central District of California. This case presents a prime example of one where, for the convenience of the parties

---

[1] District courts may also consider: (a) ease of access to sources of proof, (b) cost of obtaining witness attendance, (c) availability of compulsory process, (d) local interest, and (e) the courts' respective familiarity with applicable law. *Hengle*, 2018 U.S. Dist. LEXIS 100939, at *16.

4

and witnesses, and in the interest of justice, this Court should transfer the action to the U.S. District Court for the Central District of California. *See* 28 U.S.C. § 1404(a); *see also In re Ralston*, 726 F.2d at 1005.

I. **The Law Applicable to the Parties' Dispute is Well-Settled in the Ninth Circuit Making in the Interest of Justice to Transfer the Case to a District Court There.**

It is in the interest of justice and the parties that the Court transfer the case to the Central District of California because the law applicable to the parties' dispute is more well settled there.

At the time Plaintiff filed this case, the questions of whether a cellular telephone number is a residential number and whether a text message is a call were settled issues. However, that question became equally unsettled in courts nationwide after the Supreme Court's decision in *McLaughlin* on June 20, 2025. *See* 606 U.S. 146. This is because, prior to *McLaughlin*, the Hobbs Act, 5 U.S.C. § 703, effectively required absolute deference by federal courts to the FCC's legal interpretations of the TCPA. *See McLaughlin*, 606 U.S. at 152. That deference required district courts to apply the FCC's determination that cellular telephone numbers constituted residential numbers and that text messages constituted calls within the meaning of the TCPA's DNC provisions under § 227(c). *See, e.g*, *Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771, 785 (N.D.W. Va. 2017) (interpreting the TCPA and deferring to FCC rulings); *Galbreath v. Time Warner Cable, Inc.*, No. 7:14-CV-61-D, 2015 U.S. Dist. LEXIS 171518, at *8, 9 (E.D.N.C. Dec. 22, 2015) ("The FCC interpretation of [the TCPA] is entitled to deference."); *Penn v. NRA Grp., LLC*, 2014 U.S. Dist. LEXIS 89884, 2014 WL 2986787, at *3 (D. Md. July 1, 2014) ("This Court agrees ... that the district courts have no authority to annul the effect of FCC rulings" and collecting cases).

In *McLaughlin*, however, the Supreme Court did away with absolute deference and held that "[t]he Hobbs Act does not preclude district courts … from independently assessing whether

5

an agency's interpretation of the relevant statute is correct." *Id.* "[T]herefore, [district courts] should interpret the TCPA under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *Id.*

With absolute deference to the FCC no longer mandated, courts' independent interpretation is now required. While the Ninth Circuit has since addressed the issue of whether text messages constitute calls, the Fourth Circuit has not. *See Howard v. Republican Nat'l Comm.*, 164 F.4th 1119 (9th Cir. 2026) (holding that "the term 'call' in § 227 includes a 'text message,'" and this conclusion is the same post *McLaughlin* and *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)) (citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009)). Likewise, myriad Ninth Circuit district courts have likewise consistently addressed the issue of whether cellular telephone numbers constitute residential numbers. *See, e.g.*, *Wilson v. Mountainside Fitness Acquisition LLC*, No. CV-25-01481-PHX-MTL, 2026 U.S. Dist. LEXIS 4157, at *17 (D. Ariz. Jan. 9, 2026) (finding cellular phone numbers are residential under § 227(c) and defendant's argument otherwise is foreclosed by Ninth Circuit precedent); *Bell v. Hawx Servs., LLC*, No. 2:24-cv-00825-DC-DMC, 2025 U.S. Dist. LEXIS 171747, at *6 n.3 (E.D. Cal. Sep. 2, 2025) ("In *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1224-26 (9th Cir. 2022), the Ninth Circuit held that cellular phones … were presumptively residential for the purposes of § 227(c). Thus, [p]laintiff's cellphone constitutes a residential telephone."); *Ferrell v. Colourpop Cosmetics, LLC*, No. 2:25-cv-01324, 2025 U.S. Dist. LEXIS 140893, at *16 (C.D. Cal. July 22, 2025) (holding that a cellular telephone is residential within meaning of the TCPA); *Wilson v. Hard Eight Nutrition LLC*, 804 F. Supp. 3d 1141 (D. Or. 2025) ("Given the text, structure, and purpose of Section 227(c) and of the TCPA as a whole, a cell phone is presumptively a residential telephone under the TCPA do-not-call provision."); *cf. Newman v.*

6

*SGMS, Inc.*, No. 3:25-CV-00042-KDB-SCR, 2025 U.S. Dist. LEXIS 169748 (W.D.N.C. Sep. 2, 2025), the only Fourth Circuit district court case that appears to address the issue.

And these precise issues are squarely presented by Teleflora in its Motion to Dismiss. Dkt. 54. Rather than wading into these undecided issues yet to be addressed by the Fourth Circuit, transferring the action to the Central District of California would resolve that basis of Teleflora's Motion and would promote judicial efficiency and serve the interests of justice. *See Green v. Smith*, Civil Action No. 7:23-cv-03088-JDA, 2023 U.S. Dist. LEXIS 163323, at *7 (D.S.C. Sep. 13, 2023) (granting plaintiff's motion to transfer venue pursuant to § 1404).

Other courts have granted a plaintiff's motion to transfer venue when an issue raised in a defendant's motion to dismiss would be resolved by the transfer, like in this case. *See, e.g.*, *Smith*, 2018 U.S. Dist. LEXIS 143527, at *8-9 (granting plaintiff's motion to transfer venue under section 1404(a), finding that transfer would resolve critical issue raised by defendant in its motion to dismiss); *see also Wise*, 2024 U.S. Dist. LEXIS 81440, at *7 ("The potential harm from plaintiff-initiated transfers is minimal because even without § 1404(a), a plaintiff already has the option of shopping for a forum with the most favorable law. As [d]efendant acknowledges, [p]laintiff could have commenced this action in the [proposed new venue], and [d]efendant would be no better or worse off in that scenario than if the court permits transfer at this point. Thus, even if forum-shopping is in play, the proper course is for the court to consider the usual § 1404(a) factors.").

For example, in *Smith,* the court found that transfer of venue was appropriate on the plaintiff's motion where the new venue would eliminate the availability of a defense on which the defendant's pending motion to dismiss was predicated. *Smith*, 2018 U.S. Dist. LEXIS 143527, at *9. There, the court stated that transferring the action would resolve the issue raised

by the defendant in its motion to dismiss "without reducing or dividing the putative classes." *Id.* The court went on to hold that "transferring th[e] action therefore conserves judicial resources and eliminates any delay by resolving [the defendant's] challenge, permitting the parties to proceed with discovery and to the merits of the claims." *Id.* Transfer of the instant action to the Central District of California would serve the same purposes.

**II.     Plaintiff Could Have Brought this Action in the Central District of California and His Request to Transfer to that Forum is Entitled to Deference.**

Under § 1404(a), a plaintiff's choice of forum is entitled to deference. *Gonzalez v. Homefix Custom Remodeling, Corp.*, 670 F.Supp.3d 337, 347 (E.D. Va. 2023) (identifying, among other § 1404(a) factors, "plaintiff's choice of venue"). Generally, where a plaintiff moves to transfer venue, this factor weighs in favor of the plaintiff's new choice of forum—particularly when, like here—the new forum is one where the defendant maintains a principal place of business. *See Wise*, 2024 U.S. Dist. LEXIS 81440, at *3, 8 (noting that on a plaintiff's motion to transfer venue, "plaintiff's choice of [new] forum is given some weight").

Plaintiff could have brought this action in the Central District of California. In addition, Virginia has no significant connection to the conduct being challenged in the SAC other than that it is Plaintiff's residence and possibly the residence of other putative class and subclass members. Therefore, at this stage of the proceeding, given Plaintiff's forum preference, and for the reasons of judicial efficiency, the convenience of witnesses and parties, and the interest of justice, this Court should transfer the case to the Central District of California.

**III.    The Other § 1404(a) Factors Favor Transfer.**

The other § 1404(a) transfer principles favor a transfer. These include "witness convenience and access, party convenience, and the interest of justice." *Gonzalez*, 670 F.Supp.3d at 347; *see also McGonigle v. ShoppersChoice.com, L.L.C.*, No. 1:24-cv-01187-AJT-LRV (E.D.

8

Va. Feb. 19, 2025), Dkt. 23 (granting motion to transfer venue under § 1404 to Middle District of Louisiana in substantially similar TCPA text message case), attached hereto as Exhibit A.

*First,* convenience of the witnesses and parties supports transfer to California.

The Central District of California is a more convenient forum for Teleflora. Plaintiff brings this action on behalf of a nationwide class. Accordingly, actionable texts were made to persons outside of Virginia, and the TCPA claims of Virginia nonresidents have no connection to this forum. Even the claims of Virginia residents have only a limited connection to this forum given that, while they received Defendant's text messages here, no putative class member had a prior relationship with Teleflora. Indeed, the Complaint does not allege anywhere that Teleflora took any specific relevant action in Virginia or that any Virginia class member did anything in Virginia (or elsewhere) to cause Teleflora to send them unsolicited text messages. *See generally* Dkt. 38. Thus, the general convenience of the parties also favors transfer to California.

The parties' ability to easily access sources of common proof also favors transfer. Though Teleflora presumably holds many of its records electronically, the local servers and physical records primarily reside at headquarters in Los Angeles, California. *See Byerson v. Equifax Info. Serv., LLC*, 467 F.Supp.2d 627, 634 (E.D. Va. 2006) (finding the location of a party's headquarters instructive as to accessibility of evidence). Plaintiff is not aware at this time of any further evidence to be collected in Virginia. As noted, Teleflora does not appear to have any records or offices in Virginia, so California presents a far more convenient forum.

And Plaintiff anticipates the most relevant witnesses will be current or former Teleflora employees who support marketing operations, the websites, and are otherwise familiar with the relevant texting. *See, e.g.*, LinkedIn profiles for Teleflora's marketing employees located in Los Angeles, California, all of which were last accessed Feb. 19, 2026, including: John Ludwig

(https://www.linkedin.com/in/johnmludwig); Kristin Ford (https://www.linkedin.com/in/kristin-ford-b377b222); Melanie Holbrook (https://www.linkedin.com/in/melanie-holbrook-43b48432); Gregorio Pinto (https://www.linkedin.com/in/gregorio-pinto-b3509149). None of these anticipated witnesses are in Virginia. Moreover, the claims at issue turn on common evidence that is exclusively in the hands of Teleflora, not on evidence from plaintiff or proposed class members who, by definition, have had no relationship with Teleflora.

As noted, this case is still in its infancy and discovery is yet to commence. Plaintiff anticipates that specific witnesses will be identified as the litigation proceeds, but on information and belief, these individuals would not be in Virginia. California, therefore, is a considerably more convenient venue for the potential witnesses and conducting of pretrial discovery, all of which is common evidence coming from Teleflora. Further, to the extent that any relevant witness is disinclined to testify, but still resides in California, a California court is much better positioned to issue compulsory process. Thus, this factor favors transfer.

*Second*, the interest of justice supports transfer to the Central District of California.

The interest of justice addresses public interest factors directed towards systemic integrity and fairness and must be considered by the Court. *Byerson*, 467 F.Supp.2d 627 at 635. "Fairness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Id.* (citing *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F.Supp.2d 708, 721 n. 16 (E.D. Va. 2005). It also involves consideration of "judicial economy and the avoidance of inconsistent judgments," which would both be served by transferring this action. *See Sunstone Info. Def., Inc. v. F5 Networks, Inc.*, No. 2:21CV50 (RCY), 2021 U.S. Dist. LEXIS 234539, at *16 (E.D. Va. Dec. 7, 2021).

This controversy is not local to Virginia, as the texting program and policies regarding their use were developed in California, and Teleflora has texting recipients located across the country. *See Sunstone*, 2021 U.S. Dist. LEXIS 234539, at *17-18 (finding the interest of justice warranted transfer of venue where the controversy was not local to Virginia and defendant had customers "all over the country"). The only connection to Virginia is that the named Plaintiff resides there. The class-wide nature of the allegations makes the real "center" of activities in this dispute where the alleged harm would have originated. Virginia's only connection to this dispute is as Plaintiff's residence. Considering that this is a putative nationwide class action, Virginia has no greater interest in this case than any other state that counts class members among their residents. *See Koster v. (Am.) Lubermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) (determining that all states have an interest in a case "where there are hundreds of potential plaintiffs" hailing from different states).

In comparison, the Central District of California has a local interest. Teleflora is headquartered in California, and its employees reside in California. The operative facts occurred in California, and the text messages at issue were sent from California to class members across the nation without any action being taken by the text messages' recipients. California is also where most witnesses, documents, and other materials are likely located. *Compare Geraci v. Red Robin Int'l, Inc.*, No. 1:18-cv-15542, 2019 U.S. Dist. LEXIS 104989 (D.N.J. Jun. 21, 2019) (finding Colorado to have a more compelling local interest in a suit than New Jersey concerning entity "headquartered in Colorado allegedly harming citizens throughout the nation by using technology in Colorado to effect marketing decisions made in Colorado") *with Va. Innovation Scis., Inc. v. Samsung Electronics Co., Ltd.*, 928 F. Supp. 2d 863, 873 (E.D. Va. 2013) ("Specifically, jurors in New Jersey may have an interest in a case involving a local company,

but jurors in Virginia have at least an equal interest in a case involving technologies developed in Virginia by a Virginia company.").

Thus, local interest weighs in favor of transfer.

And the remaining considerations addressing burden and court congestion also favor transfer to California or have little impact. Regarding familiarity with the law—as discussed, the Ninth Circuit and multiple district courts within it have already addressed the critical issues raised by Teleflora in its Motion to Dismiss. Thus, courts in the Ninth Circuit have an advantage as law applicable to the case is well settled there.

And while a minor consideration, the Central District of California appears to handle civil cases from filing to disposition more quickly than this Court. *See* https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf, at 25, 68 (last accessed Feb. 19, 2026). Thus, docket conditions also favor transfer to California. *See Agilent Technologies, Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 329 (E.D. Va. 2004).

The circumstances supporting transfer here are substantially similar to those resulting in transfer from this district to the Middle District of Louisiana in *McGonigle v. ShoppersChoice.com, L.L.C.* In *ShoppersChoice.com*—a substantially similar TCPA putative class action out of this District—the defendant moved to dismiss the complaint arguing precisely what Teleflora does here. *See McGonigle v. Shopperschoice.com, L.L.C.*, No. 25-152-SDD-RLB, 2026 U.S. Dist. LEXIS 30157 (M.D. La. Feb. 13, 2026) (denying defendant's motion to dismiss and finding that text messages constitute calls under the TCPA's DNC provision and that Plaintiff McGonigle sufficiently alleged that he was a residential telephone subscriber). Defendant argued that text messages do not qualify as calls under the TCPA's DNC provisions and that Plaintiff McGonigle did not allege that he was a residential telephone subscriber; and, in

12

the alternative, the defendant moved to transfer the action to Louisiana where the defendant was headquartered. *See id.*; Exhibit A. Over the plaintiff's objection, the court granted the motion to transfer venue, and did not rule on the motion to dismiss. *See id.* Here, for the exact same reasons that the court transferred the Shopperschoice.com action (in addition to the certainty of the applicable law in the Ninth Circuit) all § 1404 factors also favor transfer.

This Court should thus transfer this case to the Central District of California.

## CONCLUSION

Ultimately, the Central District of California is a more appropriate venue for this dispute, and the Court should therefore grant Plaintiff's motion to transfer this action there.

Dated: February 19, 2026            Respectfully submitted,

*/s/ William Robinson*
William Robinson
VSB:76098
319 N. Piedmont St., #1
Arlington VA. 22203
ph. 703-789-4800
wprlegal@gmail.com

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com