UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREW JAMES MCGONIGLE, *on behalf of himself and others similarly situated,* <br><br> Plaintiff, <br><br> vs. <br><br> TELEFLORA LLC, <br><br> Defendant. | Civil Action No.: 1:25-cv-00807 MSN-WEF |

## **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE**

### I.     INTRODUCTION

Plaintiff Andrew James McGonigle's ("Plaintiff") Motion to Transfer Venue ("Motion") is a blatant and impermissible attempt to forum shop for more favorable law. The Motion should be denied. Plaintiff, "a citizen and resident of the Commonwealth of Virginia" (*see* Dkt. 38 at ¶ 5), chose to file his action in this district, invoked this Court's jurisdiction, and advanced Virginia-specific allegations, including a cause of action under the Virginia Telephone Privacy Protection Act ("VTPPA") and on behalf of a putative Virginia sub-class. Having done so, Plaintiff's shameless effort to depart for the Central District of California due to recent Ninth Circuit case law relating to the Telephone Consumer Protection Act ("TCPA")—and only after Defendant Teleflora LLC ("Defendant" or "Teleflora") moved to dismiss on that exact issue—reflects forum shopping, rather than purported convenience or the interests of justice. Plaintiff's second-choice forum (away from the jurisdiction *he* initially selected) should not be entitled to any deference. Moreover, Virginia has a strong local interest in adjudicating claims asserted under Virginia law on behalf of a Virginia resident in a case already proceeding here. This action

should remain in this district.

## II. LEGAL STANDARD

The decision whether to transfer a civil action pursuant to section 1404 is committed to "the sound discretion of the district court." *Beam Laser Sys., Inc. v. Cox Commc'ns, Inc.*, 117 F. Supp. 2d 515, 517 (E.D. Va. 2000). The moving party seeking transfer bears the burden of proving "that the circumstances of the case are *strongly* in favor of the transfer." *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F.Supp. 2d 660, 667 (E.D. Va. 2010) (emphasis in original) (internal citations omitted).

Generally, under section 1404(a), a district court may "transfer any civil action to any other district or division where it might have been brought," provided the transfer would serve "the convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a). In deciding whether to grant a motion to transfer under the statute, a district court typically considers: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice." *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 994-95 (E.D. Va. 2011).

## III. ARGUMENT

    1.    <u>Plaintiff's Motion Constitutes Blatant Forum Shopping and Fails to Demonstrate an Appropriate Change in Circumstances.</u>

Plaintiff cannot move to transfer venues away from his initially selected jurisdiction simply because of his belief that another circuit has rendered more favorable law. Given that plaintiffs are able to choose a jurisdiction in which to initiate their action, many district courts have found that a plaintiff must demonstrate a substantial change in circumstances in order to change venues from their chosen forum. "[C]ourts hold plaintiffs to a different standard than defendants who move for transfer[,]" and "generally agree that a plaintiff must first show that

2

there has been a change of circumstance since the suit was filed that warrant transfer." *See Bobosky v. Adidas AG*, No. CV 10-630-PK, 2010 WL 4853295, at *5-6 (D. Or. Oct. 8, 2010), report and recommendation adopted, No. CIV 10-630-PK, 2010 WL 4828392 (D. Or. Nov. 18, 2010) (denying transfer of venue, in part, due to a lack of evidence that the plaintiffs' circumstances had changed); *see also Cox v. Ashcroft*, No. CVF05-149OWW/GSA, 2008 WL 802314, at *1 (E.D. Cal. Mar. 25, 2008). Such a change in circumstances in favor of venue transfer could include, for example, recent developments in a plaintiff's health and ability to travel. *See Reyes v. Schuttenberg*, No. CIV. 13-00028 JMS, 2013 WL 4239110, at *3 (D. Haw. Aug. 14, 2013) (granting motion to transfer venue). Less "serious" personal circumstances will not justify a venue transfer. *See Hammett v. Sherman*, No. 19-CV-605 TWR (LL), 2021 WL 4690819, at *6 (S.D. Cal. Oct. 6, 2021).

In contrast, a more favorable legal landscape in another circuit is plainly <u>not</u> an appropriate change in circumstances. Courts are empowered to assess a plaintiff's motivations for seeking a venue transfer and to deny forum shopping attempts. *See Bobosky*, 2010 WL 4853295, at *6 ("[P]laintiff's motion to transfer appears motivated by forum shopping, not by any changed circumstances warranting a transfer."). Otherwise, "a motion to transfer venue could become an unchecked tool for the plaintiff to shop among forums and between judges." *Id.*, 2010 WL 4853295, at *6 (internal citations omitted); *see Hammett*, 2021 WL 4690819, at *6 ("[E]ven if Plaintiff might fare better elsewhere, allowing a transfer on that basis would encourage forum shopping."). A plaintiff must allege specific and sufficient facts to carry their burden to support a change from the initial venue. *See Hammett*, 2021 WL 4690819, at *6.

Here, Plaintiff has not provided *any* evidence of a change in circumstances since the beginning of litigation that warrants a transfer of venue from his initial selection. The location of

3

Teleflora's headquarters, Plaintiff's residence in Virginia, and the alleged receipt of the text messages by Plaintiff in this District were known at the outset. Plaintiff specifically alleged the propriety of venue in this Court in his own pleadings. *See* Dkt. 38, ¶ 5 ("Plaintiff McGonigle is a citizen and resident of the Commonwealth of Virginia"); ¶¶ 9-10 ("Venue is proper before this Court pursuant to 28 U.S.C. ¶ 1391(b) as a substantial portion of the events giving rise to this action occurred in this district. In particular, Defendant delivered, or caused to be delivered, the subject text messages to Plaintiff's cellular telephone in this district, and Plaintiff received the subject text messages in this district"). Plaintiff's Motion does not identify any change in his own circumstances, or in Defendant's business, operations, or witnesses, and lacks any supporting declaration to submit sufficient proof justifying transferring this litigation to the Central District of California. That is because no facts have changed. *See Orrell v. Motorcarparts of Am., Inc.*, No. CIV 306CV418-C, 2007 WL 895503, at *4 (W.D.N.C. Mar. 22, 2007) (denying plaintiff's motion to transfer venue in part because there was no change in circumstances to support venue transfer).

Rather, the only change motivating Plaintiff's Motion is his belief that a recent decision in the Ninth Circuit is more favorable. The Motion frames the law applicable to the parties' dispute as "more well settled" in the Central District of California, and argues that certain Ninth Circuit courts support Plaintiff's preferred interpretation of the TCPA. Mot. at 1, 6-7; *see also* Dkt. 58. In a February 10, 2026 email constituting Plaintiff's efforts to meet and confer regarding this Motion, Plaintiff's counsel also unabashedly admitted to pursuing this motion to transfer venue "[i]n light of the 9th Circuit's recent decision on text messaging as a call under the TCPA."[1] Declaration of J. P. Pecht ("Pecht Decl."), ¶ 2, Ex. A. Plaintiff's *post-hoc* argument to

---

[1] This purported change in Ninth Circuit law was the *only* basis for Plaintiff's Motion provided

manufacture a reason to transfer venues should therefore be disregarded, as his stated purpose is forum shopping. Tellingly, Plaintiff's Motion also lacks a single authority to support the conclusion that a vacuum of law in the Fourth Circuit, and alleged "well-settled" law in the Ninth Circuit, therefore requires a transfer of venue to serve "the interests of justice." Mot. at 5-7. This transparent tactic to jump ship for allegedly more favorable precedent should be rejected, and is not supported by the law. This Court is certainly no less capable than its sister courts to analyze issues of federal law, including in connection with the TCPA.

While some courts have found that a change of circumstances is not required if the transfer is in the interests of justice to avoid severe prejudice to a plaintiff, Plaintiff cannot meet this standard either. *See United States ex rel. Fisher v. Bank of Am., N.A.*, 204 F. Supp. 3d 618, 628 (S.D.N.Y. 2016). The Motion does not identify any prejudice, substantive or otherwise, that Plaintiff would face by continuing to litigate in this jurisdiction. In fact, all suggestions point to the contrary, particularly given that Plaintiff alleges he is "a citizen and resident of the Commonwealth of Virginia." SAC ¶ 5.

**2. Plaintiff Cannot Meet His Burden to Demonstrate that a Venue Transfer is Warranted under Section 1404(a)**

Nor can Plaintiff meet his burden to demonstrate that a transfer of venue is warranted under section 1404(a) and its applicable factors. Section 1404(a) is a convenience statute; it is not a vehicle for Plaintiff to cherry-pick his preferred precedent or avoid statutory interpretation by the transferor court. Plaintiff's principal argument that the applicable TCPA law is "more well settled" in the Ninth Circuit is inapposite and cannot serve as a justification to change venues. Mot. at 5. Federal district courts are equally competent to interpret federal statutes, and the

---

in Plaintiff's counsel's email, which was the only meet and confer that occurred in advance of filing this Motion. Pecht Decl., ¶ 2.

existence of appellate authority in another circuit does not render this Court incapable of deciding federal questions. Allowing a venue transfer whenever another circuit has addressed an issue would convert section 1404(a) into a mechanism for forum shopping. This argument confirms Plaintiff's effort to secure a more perceived favorable legal landscape rather than promoting convenience or fairness.

Plaintiff's pretextual reasons for the Motion also separately fail for the reasons set forth below, as he has not demonstrated that the convenience of parties and witnesses and the interests of justice would be served by a transfer of venue to the Central District of California.

### (a) Plaintiff's Second-Choice Forum Should Be Afforded No Deference.

Plaintiff's second-choice forum, the Central District of California, should be afforded little, if any, deference. The deference ordinarily afforded to a plaintiff's choice of forum is tied to the plaintiff's initial decision to file suit in a particular district. *See Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va. 2003). That deference is particularly strong where the plaintiff chooses his home forum. *See OsComp Systems, Inc. v. Bakken Exp., LLC*, 930 F. Supp. 2d 261, 274 (E.D. Va. 2013). However, where the plaintiff seeks to abandon the forum he deliberately selected, courts generally give less deference to the plaintiff's second choice of forum. *See FPC Corp. v. Uniplast, Inc.*, 994 F. Supp. 945, 946 (N.D. Ill 1998) ("It is one thing to give great weight to plaintiff's initial choice of forum, but it seems odd that a plaintiff who has chosen an improper forum should have great weight given to [its] second choice.") (internal citations omitted); *see also Qurio Holdings, Inc. v. DISH Network Corp.*, No. 15-CV-00930-HSG, 2015 WL 4148962, at *4 (N.D. Cal. July 9, 2015) ("Plaintiff argues that its choice of forum is entitled to substantial deference. While this is generally true . . . such deference is not warranted for a plaintiff's *second* choice of venue.").

Having selected his home district and having pursued a Virginia-specific claim under the VTPPA, including on behalf of a Virginia putative subclass, Plaintiff cannot now claim the balance flips merely because he perceives a different circuit's law to be advantageous. The Eastern District of Virginia is Plaintiff's forum of choice, his home forum, and the forum in which Plaintiff alleges that the relevant injury occurred. Dkt. 38 ¶¶ 4-6. Many of Plaintiff's cited authorities granting venue transfer are therefore inapposite, as those cases involved motions to transfer venues pursued by defendants *away* from the plaintiff's initial choice, or the initial venue was not Plaintiff's residence, or the transfer resolved jurisdictional issues.[2] Those circumstances do not apply here. Plaintiff's claim that Virginia "has no significant connection to the conduct being challenged in the SAC other than that it is Plaintiff's residence" (Mot. at 8) is directly contradicted by his own allegations that "a substantial portion of the events giving rise to this action occurred in this district." Dkt. 38 ¶¶ 9-10. Having invoked the Court's jurisdiction on that basis, Plaintiff cannot now minimize Virginia's connection to the dispute. This Court should

---

[2] *See* Dkt. 56-1(*McGonigle v. Shopperschoice.com, L.L.C.*, No. 1:24-cv-01187-AJT-LRV (E.D. Va. Feb. 19, 2025) (defendant moved for venue transfer); *Southwest Equip., Inc. v. Stoner & Co.*, C/A No. 6:10-1765-HMH, 2010 WL 4484012, at *2 (D.S.C. Nov. 1, 2010) (defendant moved for transfer and plaintiff was not at home); *Smith v. Gen. Info. Sols., Inc.*, No. 2:18-cv-230, 2018 WL 4019463, at *3 (S.D. Ohio Aug. 23, 2018) (transfer motion granted in large part due to jurisdictional issues that would not exist in transferee district); *Gonzalez v. Homefix Custom Remodeling, Corp.*, 670 F.Supp.3d 337, 347 (E.D. Va. 2023) (defendant moved for transfer); *Sunstone Info. Def., Inc. v. F5 Networks, Inc.*, No. 2:21CV50 (RCY), 2021 U.S. Dist. LEXIS 234539, at *4 (E.D. Va. Dec. 7, 2021) (defendant moved for transfer and plaintiff's choice of forum was given less deference because plaintiff filed outside its home district). In the only case cited by Plaintiff that did not involve a defense-requested transfer, a transfer to resolve a jurisdictional issue, or an initial venue that was not plaintiff's home, the *Wise v. Paccar Inc.* court did suggest in dicta that a plaintiff could transfer venue due to better law in another district—but the court in that case specifically held that factual circumstances led to no inference of forum-shopping. *See Wise v. PACCAR, Inc.*, No. 2:22-cv-2689, 2024 WL 1952876, at *3, n. 1 (S.D. Ohio May 3, 2024). Regardless, the Court in that case denied the plaintiff's motion to transfer venue because plaintiff had failed to show that the transferee district was *more* convenient. *Id.* at *4.

7

afford no weight to Plaintiff's second-choice forum preference.

Even if the Central District of California were Plaintiff's original choice of forum, that choice would be afforded little deference because it is neither Plaintiff's home forum nor the locus of the nucleus of operative facts. *See Fitzgibbon v. Radak*, 597 B.R. 836, 842 (E.D. Va. 2019); *see also Koh*, 250 F. Supp. 2d at 635 ("[I]f there is little connection between the claims and [the chosen forum], that would militate against a plaintiff's chosen forum."). Plaintiff is a Virginia resident, and alleges that he received the subject text messages and suffered injuries in this District. Dkt. 38 ¶¶ 5, 9-10. By contrast, the Central District of California has no connection to Plaintiff, and its only alleged connection to the dispute is that Teleflora maintains its principal place of business there. Accordingly, the Central District of California does not have a substantial connection to this action.

Simply put, Plaintiff deliberately invoked this Court's jurisdiction as his home forum. Having done so, he cannot now claim that his newly preferred forum is entitled to comparable deference.

### (b) The Convenience of the Parties Does Not Favor the Central District of California as a More Convenient Forum

Plaintiff fails to meet his burden to demonstrate party convenience in favor of a venue transfer. Section 1404(a) "provides for transfer to a **more** convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 646-647 (1964) (emphasis added). In evaluating the convenience of the parties, courts consider factors such as "[t]he ease of access to sources of proof, the costs of obtaining witnesses, and the availability of compulsory process." *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 717 (E.D. Va. 2005). However, "when plaintiffs file suit in their home forum, convenience to parties rarely, if ever, operates to justify transfer." *See Bd. of Trs., Sheet Metal Workers Nat.*

*Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp 1253, 1259 (E.D. Va. 1988). This factor, too, weighs in favor of denying Plaintiff's Motion.

Plaintiff argues, without citation to any competent evidence, that this Court should grant a transfer of venue to the Central District of California based on the alleged convenience to Teleflora. Mot. at 8-9. However, the Eastern District of Virginia is plainly the more convenient forum to Plaintiff as his home district. Indeed, Plaintiff has proved time and again the convenience of litigating in this district, based on the many putative class action cases that Plaintiff has previously brought here.[3] *See Samsung Elecs. Co.*, 386 F. Supp. 2d at 717 ("Far from being an inconvenience, the prospect of litigating in this district was an attractive option for [defendant moving to transfer venue]."). The Ninth Circuit only became a "far more convenient forum" in Plaintiff's eyes once courts rendered precedent that Plaintiff believes to be more favorable in that jurisdiction. Mot. at 9. This Court may therefore discount Plaintiff's ruse of alleged convenience as having a "hollow ring[,]" just as in *Samsung Electronics Co. v. Rambus*, where a party sought to transfer venues due to litigation outcomes. 386 F. Supp. 2d at 718. Here, Plaintiff likewise seeks to transfer venues for tactical reasons rather than any convenience calculus, and this Court should find that he fails to satisfy his burden to demonstrate that party

---

[3] *See, e.g., McGonigle v. Laurice El Badry Rahme Ltd.*, No. 1:24-cv-01742 (E.D. Va. Oct. 1, 2024); *McGonigle v. Zales Delaware, Inc.*, No. 1:24-cv-01820 (E.D. Va. Oct. 15, 2024); *McGonigle v. Filters Fast LLC*, No. 1:24-cv-02063 (E.D. Va. Nov. 19, 2024); *McGonigle v. Walker & Co. Brands, Inc.*, No. 1:24-cv-02140 (E.D. Va. Nov. 26, 2024); *McGonigle v. D'artagnan, Inc.*, No. 1:25-cv-00052 (E.D. Va. Jan. 11, 2025); *McGonigle v. Richmond Fitness, Inc.*, No. 1:25-cv-00103 (E.D. Va. Jan. 21, 2025); *McGonigle v. Skull Shaver, LLC*, No. 1:25-cv-00424 (E.D. Va. Mar. 8, 2025); *McGonigle v. Robbins Research Int'l, Inc.*, No. 1:25-cv-00800 (E.D. Va. May 8, 2025); *McGonigle v. Telescents, Inc.*, No. 1:25-cv-00845 (E.D. Va. May 15, 2025); *McGonigle v. Dickey's Barbqecue Restaurants, Inc.*, 1:25-cv-01062 (E.D. Va. June 24, 2025); *McGonigle v. Why Direct LLC*, No. 3:25-cv-00934 (E.D. Va. Nov. 4, 2025); *McGonigle v. Freebird, Inc.*, No. 1:25-cv-02503 (E.D. Va. Dec. 30, 2025).

convenience favors the Central District of California.

Even if this Court were to credit Plaintiff's self-serving arguments that a venue transfer would be more convenient for Defendant, this district remains the more convenient venue for Plaintiff. Plaintiff resides in the Eastern District of Virginia and alleges that the subject text messages were delivered to and received on his cellular phone in this District, causing Plaintiff to suffer alleged injury here. Dkt. 38 ¶¶ 5, 9-10, 35. The convenience of the parties factor "is chiefly operative in cases where a plaintiff has chosen a forum away from either party's home." *See Menk v. MITRE Corporation*, 713 F. Supp. 3d 113, 136 (D. Md. 2024) (internal citations and quotations omitted). It does not weigh in favor of transferring venues away from Plaintiff's home district. Transferring this action would therefore, at best, merely shift the balance of inconvenience from one party to the other, making transfer inappropriate. *See Bd. of Trs.,* 702 F. Supp at 1258-1260.

Plaintiff's attempt to minimize this District's connection to this action by invoking the nationwide scope of the putative class is misplaced. Unnamed class members are not "parties" under federal procedural statutes prior to certification, and their convenience is therefore not relevant to the section 1404(a) analysis. *See Quicken Loans Inc. v. Alig*, 737 F.3d 960, 966 (4th Cir. 2013) ("An unnamed member of a proposed but uncertified class is not a party to the litigation."). The only plaintiff before this Court is Mr. McGonigle, a Virginia resident who alleges that he received the subject text messages and suffered injury in this district. Dkt. 38 ¶¶ 5, 9-10, 35.

Lastly, the location of documents and sources is entitled to little weight "because with the advent of modern technology, the physical location of proof is less of a barrier to gaining access to proof for litigation." *See Menk*, 713 F. Supp. 3d at 138 (internal citations omitted). In this

10

case, as Plaintiff acknowledges, Defendant's records are stored electronically. Mot. at 9. Plaintiff has not identified any specific physical evidence in California that would require in-person inspection (as such evidence does not exist), nor has he shown that electronic production would be inadequate or burdensome. The mere fact that Teleflora's headquarters is located in California does not meaningfully affect the accessibility of evidence in modern litigation. Accordingly, the "access to proof" factor does not favor transfer.

### (c) Plaintiff's Speculative Allegations are Insufficient to Support a Venue Transfer Due to Witness Convenience

Plaintiff's witness-convenience argument, unsupported by any evidence, is speculative and insufficient to meet Plaintiff's heavy burden to transfer venues away from his home district. Plaintiff, as the party asserting witness inconvenience in this district, "has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and degree of inconvenience." *Koh*, 250 F. Supp. 2d at 636; *see also JTH Tax, Inc. v. Hines*, 2016 WL 4582081, at * 6 (E.D. Va. July 26, 2016) (a "party claiming that witness inconvenience necessitates a venue change should supply a court with reliable information, identifying the witnesses he intends to call, along with information about their expected testimony."). Courts give greater weight to the convenience of non-party witnesses rather than party witnesses, since non-party witnesses cannot be compelled to appear outside the district's subpoena range. *Samsung Elecs. Co.*, 386 F. Supp. 2d at 718-719. Further, when the original forum is convenient for the plaintiff's witnesses, but the reverse is true of defendant's witnesses, transfer may be inappropriate as it would serve only to "shift the balance of inconvenience." *Bd. of Trs.*, 702 F. Supp. at 1259; *see also Prod. Group Int'l, Inc. v. Goldman*, 337 F.Supp.2d 788, 799 (E.D. Va. 2004) (holding that transfer is not appropriate where it will serve only to shift the balance of inconvenience from one party to the other).

This District is indisputably more convenient for Plaintiff's witnesses. Indeed, the only witness with any degree of certainty in this matter will be Plaintiff himself, who resides in Virginia. Once discovery has begun, Defendant additionally intends to depose non-party witnesses with potential knowledge regarding Plaintiff's usage of his cell phone, who (on information and belief) appear to be based in Virginia. Pecht Decl., ¶ 3. To the extent Plaintiff intends to offer testimony from himself or any other Virginia-based witnesses regarding receipt of the messages, use of his telephone, the alleged injury, or the VTPPA claim, consistent with Plaintiff's operative Complaint, those witnesses would likely be located in Virginia. By contrast, transferring this case to California would require Plaintiff and any Virginia-based residents to travel across the country, thereby shifting the balance of inconvenience from one side to the other. Such a shift does not justify transfer. *See Koh*, 250 F. Supp. 2d at 636; *see also Wise,* 2024 WL 1952876, at *4 (denying motion to transfer venue under section 1404(a) where, at most, plaintiff could argue that transferee would be "an equally convenient forum in which to litigate," but not a "*more* convenient forum."). Additionally, transferring this case to California would prejudice Teleflora by depriving Teleflora of the availability of compulsory process to have potential non-party Virginia witnesses testify at trial. Pecht Decl. ¶ 3; *see Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 634 (E.D. Va. 2006) ("Given that Plaintiffs have identified potential witnesses within this Court's subpoena power, the availability of compulsory process militates against transfer.").

Meanwhile, Plaintiff's arguments regarding a venue transfer favoring the convenience of Teleflora's witness are entirely speculative, and therefore fail to meet his burden. Plaintiff merely "anticipates" and speculates that certain Teleflora employees located in California could be relevant witnesses, citing arbitrary LinkedIn profiles in support, and that relevant witnesses

12

may be identified during discovery who Plaintiff assumes will not reside in Virginia.[4] Mot. at 9-10. Plaintiff provides no declaration or affidavit, no description of the specific testimony these individuals would offer, and no explanation of why their live testimony would be necessary. Further, Courts give substantially less weight to the convenience of party witnesses for purposes of a venue transfer, particularly where their employer can compel their attendance. *See Samsung Electronics Co., Ltd.*, 386 F.Supp.2d at 718-719. Even if California ends up being more convenient for certain of Defendant's witnesses, Plaintiff cannot make any showing that those Teleflora witnesses would not appear if this action is litigated in Virginia, as those party witnesses would remain aligned with (and employed by) Teleflora. Plaintiff identifies no non-party witnesses, no unwilling witnesses, and no hardship that would arise from litigating in Virginia. Under these circumstances, Plaintiff's speculative identification of Teleflora employees located in California does not meaningfully favor transfer.

      **(d)**     **The Interests of Justice Weigh Against Venue Transfer, Including Due to Plaintiff's Attempted Forum Manipulation**

The interests of justice do not support Plaintiff's effort to transfer venue. This analysis "encompasses public interest factors aimed at 'systemic integrity and fairness.'" *Byerson*, 467 F.Supp.2d at 635 (internal citations omitted). Attempted forum shopping is a strong component of denying a motion to transfer under the interest of justice factor. *See Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d at 721 ("Systemic integrity, however, must also necessarily take account of a party's attempt to game the federal courts through forum manipulation.") (internal citations omitted). The interest of justice factor also considers "judicial economy and the

---

[4] As the parties have not yet conducted any discovery, and Defendant has not provided initial disclosures pursuant to Federal Rule of Civil Procedure 26, it is unclear on what basis Plaintiff has identified these Teleflora employees as "the most relevant witnesses" with knowledge of Teleflora's texting practices, besides a cursory Google search. Mot. at 9-10.

avoidance of inconsistent judgments," *Byerson*, 467 F. Supp. 2d at 635, as well as any "pending related actions" and "the interest in having local controversies decided at home." *Hetrick Companies LLC v. IINK Corp.*, 710 F. Supp. 3d 467, 500 (E.D. Va. 2024). In certain cases, "the interest of justice may be decisive in ruling on a transfer motion." *Samsung Elecs. Co.*, 386 F. Supp. 2d 708 at 716.

Pursuant to *Samsung Electronics v. Rambus*, this Court may consider Plaintiff's attempted forum manipulation as relevant to the interests of justice in determining whether to transfer venue. *See supra* Argument Section 1. Systemic integrity and fairness are not served by allowing Plaintiff to transfer venue for, in his view, more favorable "well settled" law in the Ninth Circuit, particularly when this Court is fully equipped to decide issues of federal law. Mot. at 5. Federal courts are equally competent to interpret the TCPA, a federal statute, and the existence of appellate authority in another circuit does not render this forum unjust or inefficient. Plaintiff's contrary position in his opposition to a motion to transfer venue in a different case, *McGonigle v. ShoppersChoice.com, L.L.C.*, further illustrates his forum manipulation in this litigation, as Plaintiff previously argued therein that traveling out of state would be a burden to him. Pecht Decl., Ex. B. Plaintiff's sudden preference for the Ninth Circuit is purely based on his view of the perceived legal landscape there, rather than any purported convenience.

Further, Virginia has a meaningful local interest in having this local controversy decided here. Plaintiff is a Virginia resident who alleges that he received the subject text messages and suffered injury in this District. Dkt. 38 ¶¶ 5, 9-10, 35. He also asserts a claim under the VTPPA on behalf of a Virginia putative subclass. *Id.* ¶¶ 75-82. Virginia thus has a legitimate interest in adjudicating alleged violations of Virginia's consumer-protection statute affecting Virginia residents. *See Hetrick Companies LLC*, 710 F. Supp. 3d at 500 ("Virginia citizens have an

14

interest in resolving this case, as it involves an alleged injury to a Virginian."). California has no comparable interest in the enforcement of Virginia law, and the Central District of California has "at least no more familiarity with the applicable law" for Plaintiff's VTPPA cause of action than the Eastern District of Virginia, and most likely less. *Id.*

The interests of justice and judicial economy also weigh in favor of maintaining this action in the Eastern District of Virginia, given that four related actions filed by Plaintiff are currently pending in this district.[5] The complaints are quite similar across those pending actions, all of which involve claims posed under the TCPA. Because multiple similar putative class actions involving Plaintiff are already proceeding in this district, transfer of this matter to the Central District of California would not foster judicial economy or promote consistent results. Judicial economy also weighs against transfer given the procedural history of this matter. This case has been pending in this District since May 2025. Transferring the case at this stage would require a new court to duplicate the time and effort already expended and potentially revisit issues already presented to this Court.

Lastly, in light of the many factors that weigh against transfer of this action, docket conditions in the Central District of California compared to the Eastern District of Virginia are not determinative and should be given little weight. *See Menk*, 713 F. Supp. 3d at 139. And even that minor consideration does not necessarily weigh in favor of a transfer. While Plaintiff argues that the Central District of California appears faster to handle a civil case from filing to disposition than this Court, this District is faster to reach trial. *See*

---

[5] *See, e.g., McGonigle v. Robbins Research Int'l, Inc.*, No. 1:25-cv-00800 (E.D. Va. May 8, 2025); *McGonigle v. Telescents, Inc.*, No. 1:25-cv-00845 (E.D. Va. May 15, 2025); *McGonigle v. Dickey's Barbqecue Restaurants, Inc.*, 1:25-cv-01062 (E.D. Va. June 24, 2025); *McGonigle v. Why Direct LLC*, No. 3:25-cv-00934 (E.D. Va. Nov. 4, 2025).

15

https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf, at 25, 68 (last accessed Mar. 3, 2026).

## IV.    CONCLUSION

Plaintiff seeks to transfer venues for more favorable law. This Court should deny Plaintiff's Motion.

DATED:  March 5, 2026

*/s/ Connor Kelley*
Kristina M. Diaz *(Pro Hac Vice)*
J. P. Pecht *(Pro Hac Vice)*
Lauren Fishelman *(Pro Hac Vice)*
Tatiana Wallace *(Pro Hac Vice)*
ROLL LAW GROUP PC
11444 West Olympic Boulevard
Los Angeles, California 90064-1557
Telephone: (310) 966-8400
Facsimile: (310) 966-8810
jp.pecht@roll.com
lauren.fishelman@roll.com
tatiana.wallace@roll.com

Connor Kelley (VA Bar No. 93596)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5606
ckelley@cov.com

Attorneys for TELEFLORA LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to all counsel of record.

By: _/s/ Connor Kelley_
Connor Kelley