# EXHIBIT B

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| ANDREW JAMES MCGONIGLE, | ) | |
| *on behalf of himself and* | ) | Civil Action No.: 1:24-cv-1887 |
| *others similarly situated*, | ) | |
| | ) | Class Action |
| Plaintiff, | ) | |
| | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| SHOPPERSCHOICE.COM, | ) | |
| L.L.C. d/b/a BBQGUYS.COM | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER</u>

### INTRODUCTION

Defendants that send text messages without consent into Virginia regarding services to be provided in Virginia should expect to be called into court in Virginia.

That includes Shopperschoice.com, L.L.C. d/b/a BBQGuys.com ("BBQ Guys"), who sent text messages to Andrew James McGonigle, a Virginia resident, to offer him outdoor grill and kitchen services he did not want. Mr. McGonigle's disinterest was not a secret. In 2024, he listed his number on the National Do-Not-Call Registry to stop telemarketers like BBQ Guys from calling him. Based on some apparent relationship with the prior owner of his cellular telephone, BBQ Guys sent him text messages on at least September 9, 20, 26, October 3, 6, 10, 13 and 16, 2024. But of course, all of this could have been avoided if BBQ Guys used the Reassigned Numbers Database established by the Federal Communications Commission "to determine whether a telephone number may have been reassigned so they can avoid calling consumers who do not want to receive the calls." *See, e.g., https://www.fcc.gov/reassigned-numbers-database.*

Mr. McGonigle sued BBQ Guys under the TCPA. He chose this venue because the Court has "specific jurisdiction" over BBQ Guys because BBQ Guys sent the text messages to Mr. McGonigle here. Even so, BBQ Guys wants to transfer this case to Louisiana because it would be more "convenient" for BBQ Guys.

But BBQ Guys's convenience alone cannot justify a transfer. Because the appropriateness of venue is proper where Mr. McGonigle received the texts, it not only has a "heavy burden" to justify a transfer, but a "*particularly* heavy burden." *Phillips v. S. Gumpert Co.*, 627 F. Supp. 725, 726-27 (W.D.N.C. 1986) (emphasis added). BBQ Guys's motion fails to satisfy that "particularly heavy burden" for three reasons.

To start, it is "black letter law," that "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice . . . should not be lightly disturbed." *Phillips v. S. Gumpert Co.*, 627 F. Supp. 725, 726-27 (W.D.N.C. 1986) (citations omitted). While that "paramount" consideration diminishes in class proceedings, it is not *eliminated*. This is not to mention there are no "obstacles" to trying the case here, where the Plaintiff is located and received the texts, and transfer would unfairly advantage BBQ Guys.

These factors outweigh those argued by BBQ Guys. For instance, BBQ Guys complains that it manages its records from Louisiana, suggesting it would inconvenience BBQ Guys to produce them unless this case is transferred to Louisiana. But that does not follow. BBQ Guys's has counsel in Virginia and Louisiana, and they will email BBQ Guys's records to Mr. McGonigle's counsel in Massachusetts and Virginia—no matter the forum. Transferring the case to Louisiana would not affect that exchange or eliminate any "inconvenience." And while BBQ Guys says that three fact witnesses reside in Louisiana, it concedes at least one other *does not*. It also ignores that Mr. McGonigle will depose BBQ Guys's witnesses in locations "convenient" for

them, including in Louisiana if necessary. Thus, the factors do not "tip strongly" in BBQ Guys's favor—they tilt *against* it. *Atari v. McNeal*, 159 F. Supp. 2d 224, 227 (W.D.N.C. 2000).

As a result, BBQ Guys cannot carry its "particularly heavy burden."

## BACKGROUND FACTS

### a. Mr. McGonigle's claims

BBQ Guys is a Delaware corporation with its principal place of business in Louisiana. *See* ECF No. 1 at ¶ 7. To solicit business, BBQ Guys relies on telemarketing. *Id.* at ¶ 13. In so doing, BBQ Guys accepts duties it must comply with under the TCPA, including the Act's National Do-Not-Call Registry. *Id.* at ¶¶ 14-20. Even so, BBQ Guys did not account for the fact that Mr. McGonigle, who acquired his number in August of 2024, and others like him, have no prior relationship with BBQ Guys, and still received text messages like those below:



As a result, Mr. McGonigle sued BBQ Guys under the TCPA for violating the TCPA's National Do-Not-Call Registry.

### b. BBQ Guys's convenience

To support its transfer motion, BBQ Guys attached a declaration from a "Human Resources Manager" Jennifer Henagan. Doc. 10-1 ¶ 1. In that role, Ms. Henagan has personal knowledge of the location of BBQ Guys employees *Id*. ¶ 2. Ms. Henagan then claims that such individuals are located in Louisiana and Michigan.

Accepting those statements as true, Ms. Henegan still fails to clarify how those facts establish it would inconvenience BBQ Guys to litigate the case in Virginia. While BBQ Guys' home office is in Louisiana, Ms. Henegan never claims the parties will need to inspect it. Nor does she claim BBQ Guys's documents are physical, rather than digital, or why emailing them from Louisiana to its attorneys in Virginia and Louisiana would be more "convenient" if the case were transferred to Louisiana. Last, Ms. Henegan does not mention that Mr. McGonigle is willing to depose its witnesses in any office location convenient for them, Louisiana or otherwise.[1] In short, although some part of the events giving rise to this litigation happened in Louisiana, nothing suggests litigation must proceed there for convenience.

## ARGUMENT

The burden is on BBQ Guys to justify a transfer, and that burden is "heavy." *Arabian v. Bowen,* No. 91-1720, 1992 U.S. App. LEXIS 15624, at *3 (4th Cir. 1992) ("The parties seeking transfer bear the "heavy burden of showing that the balance of interests weighs strongly in [their] favor."). That "heavy" burden gains weight when venue is "proper" before the Court: "[a] defendant carries a particularly heavy burden when it moves pursuant to 1404(a) to transfer an action from a district where venue is proper." *Phillips*, 627 F. Supp. 725, 726-27. There can be no meaningful dispute that venue is proper in Virginia as "in TCPA cases like this one, courts have

---

[1] Plaintiff's counsel stipulates to deposing BBQ Guys's employee witnesses at any Louisiana office convenient for them.

widely held that venue is proper under 28 U.S.C. § 1391(b)(1) or (b)(2) in the district from which the at-issue call originated or, more commonly, where the call was received." *Cunningham v. Daybreak Solar Power, LLC*, 2022 U.S. Dist. LEXIS 124429, *6 (W.D.N.C. 2022)[2].

As such, even if Mr. McGonigle's forum is "inconvenient" for BBQ Guys, it is not enough to justify transfer when doing so "would simply shift the inconvenience from one party to another." *Regent Lighting Corp. v. Galaxy Elec. Mfg., Inc.*, 933 F. Supp. 507, 513 (M.D.N.C. 1996); *see also Elec. Sys. Prot., Inc. v. Innovolt, Inc.*, No. 5:09-CV-464-FL, 2010 U.S. Dist. LEXIS 70942, at *5 (E.D.N.C. July 14, 2010). As a result, BBQ Guys must not only show the factors tip in its favor, but "tip[] strongly." *Atari*, 159 F. Supp. 2d 224, 227. As explained below, BBQ Guys has not satisfied that "particularly heavy burden" under the factors at issue. Quite the opposite—the factors favor Mr. McGonigle.

### a. The factors favor Mr. McGonigle

District courts within this circuit consider "four factors when deciding whether to transfer venue: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers and Pipefitters Nat. Pension Fund v. Plumbing Servcs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). Unless the balance of factors "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (citation omitted).

---

[2] See also *Fitzhenry v. Guardian Prot. Servs.*, No. 16-1253, 2016 U.S. Dist. LEXIS 155340, 2016 WL 6652760, at *1 (W.D. Pa. Nov. 9, 2016) ("District courts find proper venue where the alleged injury occurred which, in a TCPA action, is where the telephone call was received.") (collecting cases and granting motion); *Blair v. CBE Group Inc.*, No. 13-CV-134-MMA(WVG), 2013 U.S. Dist. LEXIS 68715, 2013 WL 2029155, at *2 (S.D. Cal. May 13, 2013) (dismissing for improper venue in TCPA case where at-issue calls did not originate from and were not received in the district where complaint was filed).

First, Mr. McGonigle's choice of venue is entitled to "substantial weight." *Id.* "Such deference is especially appropriate where, as here, plaintiffs do not choose a foreign forum or one bearing little or no relation to the cause of action." *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 633 (E.D. Va. 2006). "A plaintiff's choice of forum is entitled to significant weight that is not materially diminished merely because the case is a class action." *Id.* The analysis instead turns on how plaintiff and the facts connect to the forum. *Parham v. Weave Corp.*, 323 F. Supp. 2d 670, 674 (M.D.N.C. 2004) ("the deference given to the plaintiff's choice is proportionate to the relation between the forum and the cause of action"). And here, BBQ Guys does not contest this controversy's connection with the forum. Indeed, BBQ Guys has admitted that it sent text messages to this state. It also has likely sent a substantial amount of other text messages to Virginia residents just like Mr. McGonigle. Accordingly, the Court should find this factor favors Mr. McGonigle.

The second and third factors analyze party and witness convenience. Mere assertions of inconvenience or hardship are inadequate support for a motion to dismiss or transfer pursuant to 28 U.S.C. § 1404(a). *CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 770 (D. Md. 2009). While BBQ Guys may have 3 of its 4 anticipated witnesses in Louisiana, they do not identify or specify how they will be inconvenienced if they have to attend trial here (especially since the Plaintiff is prepared to depose them in Louisiana). However, the Plaintiff here "would be forced to travel to [Louisiana] to press their claims, and [Defendant] offers no argument as to why [Louisiana] is a more convenient forum for the Plaintiffs. Thus, transfer would, at most, "only shift the balance of inconvenience from defendant[s] to plaintiffs" and therefore "does not militate persuasively in favor of transfer." *Byerson* at 634 quoting *Bd. of Tr., Sheet Metal Workers Nat'l Fund v. Baylor Heating and Air Conditioning*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988).

In addition, "the party convenience factor includes assessment of the ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process." *Samsung Elecs. Co. v. Rambus Inc.,* 386 F. Supp. 2d 708, 717 (E.D. Va. 2005). At this early stage of litigation and on the limited record that has been made on this factor, it is difficult to assess what proof will be required and what witnesses are likely to testify, so it is also difficult to assess the costs of obtaining witness attendance or the importance of compulsory process.

By contrast, transferring the case to Louisiana would thus create a "home field" advantage for BBQ Guys that is not replicated for Mr. McGonigle in Virginia. *Sellers v. Whole Foods Mkt. Grp., Inc.*, No. 1:18 CV 307, 2019 U.S. Dist. LEXIS 56145, at *7 (W.D.N.C. Apr. 2, 2019) (finding that defendant was "a large employer" in the district it sought transfer to while plaintiff had "little connection" to it, weighing against transfer). Mr. McGonigle has no alleged connection to Louisiana, while BBQ Guys is at home there. As a result, this factor favors Mr. McGonigle.

BBQ Guys explains all the ways it operates in Louisiana but fails to explain why that means the case must take place there. For instance, it lists document categories related to this case but it never explains why producing those documents would proceed any differently if the case were in Louisiana rather than Virginia. It never claims that it maintains only paper records, nor would that make sense in 2024. Presumably, BBQ Guys digitizes its records and will produce them by email or file-share in discovery, as litigants do in every case. For this reason, "[t]he location of evidence does not alter the balance in favor of transfer" when the "information provided between the two parties—appears to be electronic and transferable." *Accreditation Comm'n for Health Care, Inc. v. NextLOGIK, Inc.*, No. 5:20-CV-46-M, 2020 U.S. Dist. LEXIS 150579, at *20 (E.D.N.C. Aug. 20, 2020). Indeed, although BBQ Guys is in Louisiana, it has counsel in Virginia, and they will all

communicate electronically with Plaintiff's counsel in Massachusetts and Virginia, and this case's venue will not impact those exchanges.

At most, BBQ Guys expects four employee witnesses to testify on its behalf—three live in Louisiana while one lives in Michigan. It also expects a New Jersey non-party witness to testify and that Mr. McGonigle will testify on his own behalf. Thus, the "overwhelming bulk of witnesses" are not in Louisiana as BBQ Guys claims—three witnesses are in Louisiana and three elsewhere. This is not to mention that the burden on BBQ Guys' employees impacts the analysis with little force. *Union First Mkt. Bank v. Bly*, 3:13-CV-316-GCM, 2013 U.S. Dist. LEXIS 116294, 2013 WL 4455619, at \*3 (W.D.N.C. Aug. 16, 2013) ("[o]ften cited as the most important factor ... is the convenience of witnesses, most particularly, non-party witnesses, who are important to the resolution of the case"). This is because employee witnesses will "presumably would appear at Defendant's request" whether at trial or in depositions. *Landstar Ranger, Inc. v. Glob. Experience Specialists, Inc.*, No. 5:14-CV-193-RLV-DCK, 2015 U.S. Dist. LEXIS 134092, at \*10 (W.D.N.C. Sep. 28, 2015). As to cost, Mr. McGonigle will save them travel expense and depose BBQ Guys's witnesses in any Louisiana office "most convenient" to them.

Finally, the Court must consider the interest of justice. In some cases, "the interest of justice may be decisive in ruling on a transfer motion, even though the convenience of the parties and witnesses point in a different direction." *Samsung*, 386 F. Supp. 2d at 716 (quoting 15 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3847 at 370). The interest of justice "encompasses public interest factors aimed at 'systemic integrity and fairness.'" *Id.* at 721. Most prominent among the elements of systemic integrity are judicial economy and the avoidance of inconsistent judgments. *Id.* Fairness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in

burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law. *Id.* at n.16.

## CONCLUSION

Ultimately, Louisiana is a more *inconvenient* forum for Plaintiff, and as another court in this Circuit recently explained in another TCPA case, that is a sufficient basis for denying a motion to transfer the case away from Plaintiff's chosen venue:

> The plaintiff's choice of forum is entitled to at least some weight, even in purported class actions. Specific to this case, the plaintiff was allegedly injured in North Carolina, suffering, among other things, significant inconvenience from the defendant's robocalls. Requiring the plaintiff to prosecute a case in an inconvenient forum where his damages will largely be about inconvenience to him does not seem in the interests of justice. This is especially so since moving the case forward in this district is not particularly inconvenient or expensive for LeafFilter, see discussion infra. This district has a significant interest is seeing that citizens here obtain justice in a convenient forum.

*Button v. Leaffilter North, LLC*, No. 24-cv-132, *slip op.* [attached as Exhibit 1] (E.D.N.C. May 14, 2024). Precisely the same circumstances exist here, warranting the same outcome.

The Court should therefore deny BBQ Guys' motion.

Dated: January 2, 2025

PLAINTIFF,
By his attorney

*/s/ William Robinson*
William Robinson
VSB:76098
319 N. Piedmont St., #1
Arlington VA. 22203
ph. 703-789-4800
wprlegal@gmail.com
*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GARRETT BUTTON, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:24-CV-132 |
| LEAFFILTER NORTH, LLC | ) ) | |
| Defendant. | ) ) | |

## **ORDER**

    LeafFilter moves for transfer to its home district, the United States District Court for the Northern District of Ohio, for the convenience of parties and witnesses pursuant to 28 U.S.C. § 1404(a).  The motion will be denied.

    Section 1404(a) "place[s] discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted).  Section 1404 is designed "to prevent waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *See, e.g.*, *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (cleaned up).

    In deciding whether to transfer venue for convenience of the parties and witnesses, district courts within this circuit consider four general factors:  "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers and Pipefitters Nat'l Pension*

*Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015); *see also Ctr. for Cmty. Self-Help v. Self-Fin., Inc.*, No. 21-CV-862, 2023 WL 1779831, at *11 (M.D.N.C. Feb. 6, 2023) (listing eleven more detailed potentially relevant factors).

The moving party has the burden to show that transfer will better and more conveniently serve the interests of the parties and witnesses and promote the interests of justice. *See, e.g., Triangle Grading & Paving, Inc. v. Rhino Servs., LLC*, No. 19-CV-486, 2020 WL 2086188, at *16 (M.D.N.C. Apr. 30, 2020); *Speed Trac Techs., Inc. v. Estes Express Lines, Inc.*, 567 F. Supp. 2d 799, 803 (M.D.N.C. Mar. 4, 2008). Courts "should refrain from transferring venue if to do so would simply shift the inconvenience from one party to another." *Tools USA and Equip. Co. v. Champ Frame Straightening Equip., Inc.*, 841 F. Supp. 719, 721 (M.D.N.C. Sept. 17, 1993); *accord Ctr. for Cmty. Self-Help*, 2023 WL 1779831, at *11; *Speed Trac,* 567 F. Supp. 2d at 803.

The rise of electronic discovery has significantly changed pretrial proceedings over the past two decades. The location of documents subject to discovery rarely matters much to cost or convenience; wherever the documents, parties, attorneys, and court are, someone will have to locate and organize the discovery, which will ordinarily be produced electronically. There is nothing to indicate that will not be the case here.

The plaintiff's choice of forum is entitled to at least some weight, even in purported class actions. Specific to this case, the plaintiff was allegedly injured in North Carolina, suffering, among other things, significant inconvenience from the defendant's robocalls. Requiring the plaintiff to prosecute a case in an inconvenient forum where his damages will largely be about inconvenience to him does not seem in the interests of

2

justice.  This is especially so since moving the case forward in this district is not particularly inconvenient or expensive for LeafFilter, *see* discussion *infra*.  This district has a significant interest is seeing that citizens here obtain justice in a convenient forum.

The plaintiff has counsel in North Carolina.  LeafFilter also has experienced counsel in North Carolina, and it does not have counsel of record located in the Northern District of Ohio, where it seeks to transfer this case; its out-of-state counsel is in Chicago.  This indicates that wherever the case is handled, defense counsel will be traveling for court appearances.  And in the ordinary case, many pretrial court matters are handled either on the briefing without a hearing or by remote appearance.  Any expense associated with travel is largely equal, wherever the case is tried.

Only a few witnesses are located in Ohio, and several are located elsewhere.  The plaintiff through counsel will go to the witnesses to take their depositions, unless something more convenient for all parties is agreed upon, and LeafFilter will need to come to North Carolina to take the plaintiff's deposition, regardless of where the case proceeds.  That three witnesses might have to travel to North Carolina from Ohio for trial is not a particularly heavy factor in LeafFilter's favor, given that one witness from North Carolina would have to travel to Ohio if the case were transferred.  And as to the parties, that factor is neutral; wherever the case is heard, one party will have to travel.

LeafFilter identifies a legal issue that will arise in connection with class certification if this case remains in North Carolina that it says will not arise if the case is transferred to Ohio.  The plaintiff is fully aware of this legal issue, as the briefing shows, and assumes the risk of a negative result.  Almost every case presents legal issues for

3

decision, this Court is experienced in efficiently managing motions practice in purported class actions and trying them as necessary, and there is no reason to think resolution of this legal issue will delay the proceedings.

LeafFilter also contends that there is a "similar" lawsuit against it in the Northern District of Ohio so that it would be more efficient to transfer the case. However, its conclusory assertions about similarity are not entitled to much weight.

Finally, LeafFilter says that the time-to-disposition in this district is slightly longer than in the Northern District of Ohio. As LeafFilter recognizes, this difference is small and is not a significant factor here. *See* Doc. 10 at 20 n.3. But to the extent quick resolution is important to LeafFilter, that will be accomplished in this district. *See, e.g.*, Doc. 5 at ¶ 9 (order discouraging motions for extension of time, emphasizing that scheduling orders are not modified based on consent only, and otherwise telling the parties to get moving on the case); *Wm Fulp Wrecker Serv., Inc. v. Miller Transfer & Rigging Co.*, 23-CV-368, Doc. 30 at 2 n.1 (M.D.N.C. May 1, 2024).

Based on an individualized evaluation and in the Court's discretion, the Court finds that the factors do not weigh in favor of LeafFilter and transfer will not better and more conveniently serve the relevant interests. Transfer would do little more than shift the inconveniences from the defendant to the plaintiff.

It is **ORDERED** that the defendant's motion to transfer, Doc. 9, is **DENIED**.

This the 14th day of May, 2024.

_____
UNITED STATES DISTRICT JUDGE

4