UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ANDREW JAMES MCGONIGLE, *on behalf of himself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> TELEFLORA LLC <br><br> Defendant. | Civil Action No.: 1:25-cv-00807 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**

Teleflora is headquartered in California and all of its offices are in California. It does not appear that Teleflora employs a single individual in the Commonwealth of Virginia. Its marketing employees are located in California. As part of nationwide telemarketing campaigns, Teleflora sent—from its California locations—mass unsolicited text messages to consumers in all fifty states without their prior express consent.

All of the evidence, documents, and records relating to Teleflora's texting and telemarketing campaigns are in California, as are the overwhelming majority of key witnesses with knowledge. The claims turn on common evidence that is exclusively in the hands of Teleflora in California, not on evidence that would come from Plaintiff or proposed class members (who, by definition, have had no relationship with Teleflora). Teleflora does not dispute that this putative nationwide class action could have been brought in the Central District of California. It also readily admits that this case is still in its infancy as there has been zero discovery—a year into the case and Teleflora has not even served its initial disclosures.

Although Teleflora essentially acknowledges that California would be more convenient, it

1

nevertheless opposes transfer, doubling down on the specious claim that it does not want to shift its own inconvenience onto Plaintiff[1] and false contention that Plaintiff has not carried his burden for transfer—underscoring that Teleflora's objections stem not from disagreements about convenience but by a perceived advantage due to the unsettled nature of the law in this District. Teleflora's objections should not be countenanced. Section 1404 is intended to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense by being required to litigate in an inconvenient forum. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotations omitted).

Indeed, in a substantively identical case in this District, with a substantively identical motion to dismiss pending, Judge Trenga granted a substantively identical motion to transfer Plaintiff McGonigle's case to Louisiana instead of ruling on the motion to dismiss. *See* ECF No. 56-1. And that Louisiana court is the only court to resolve the precise issues raised in Teleflora's motion to dismiss in a case brought by Plaintiff McGonigle. *See McGonigle v. Shopperschoice.com, L.L.C.,* No. 25-152-SDD-RLB, 2026 U.S. Dist. LEXIS 30157 (M.D. La. Feb. 13, 2026) (denying defendant's motion to dismiss and finding that text messages constitute calls under the TCPA's DNC provision and that Plaintiff McGonigle sufficiently alleged that he was a residential telephone subscriber). As a result, contrary to Teleflora's argument, the only way to ensure consistency of rulings on the issues in the motion to dismiss is to transfer the case to California where the law is already well settled and consistent with the ruling from the only court to address this issue in a case brought by Plaintiff McGonigle.

Plaintiff's motion should be granted as transfer to the Central District of California would

---

[1] An odd position indeed, as Plaintiff is requesting the transfer. Plaintiff is open to appearing for a deposition in California and will execute his responsibilities as named plaintiff in California.

2

accomplish each of those goals.

### 1. The Interests of Justice Are Served By Transfer Because There is Clarity in the Law and More Familiarity with the Novel Issue in the Central District of California.

Teleflora does not dispute that the law is well-settled in the Ninth Circuit regarding the narrowly focused statutory interpretation of the scope of § 227(c) of the TCPA. Indeed, Teleflora does not even contest the fact that California district courts are more familiar with the precise questions of law presented by this case and in Teleflora's motion to dismiss. Teleflora also concedes that the law on these precise issues is unsettled in the Fourth Circuit, and admits that district courts in this Circuit have not yet addressed these critical questions.

The interests of justice support transferring to California, where there is a large body of law demonstrating familiarity with the law and consistency in its application.[2]

Much of Teleflora's response accuses Plaintiff of "forum shopping" and of seeking a transfer of venue for improper reasons. That is false—as California is plainly the more convenient forum, and the forum where there is clarity in the application of the law. While Teleflora insists, without evidence, that seeking transfer to a district with consistent case law addressing the underlying claim constitutes "unabashed" forum shopping—the opposite is true. *See, e.g.*, *Whitfield v. Levi Strauss & Co.*, No. 2:25-cv-01205-CDS-NJK, 2026 U.S. Dist. LEXIS 28169, at *7-8 (D. Nev. Feb. 9, 2026) (granting plaintiff's motion to transfer to district where defendant is headquartered, noting that transfer moots one of defendant's arguments for dismissal); *Smith v.*

---

[2] The interests of justice would also be served by transfer because, although Teleflora suggests it does not want to transfer its own inconvenience (when in Virginia) to Plaintiff by transferring to California, as discussed below, the witnesses would be best served by litigating in the most convenient forum. Additionally, transfer will not prejudice Teleflora and this Court has not substantively ruled on any legal issues or motions. As Teleflora concedes, "the parties have not yet conducted any discovery, and [Teleflora] has not provided initial disclosures." ECF 62 at 13 n.4. And if Teleflora is concerned with inconveniencing Plaintiff after transfer, it can depose Plaintiff in Virginia.

*Gen. Info. Sols., Inc.*, No. 2:18-cv-230, 2018 U.S. Dist. LEXIS 143527, at *8-9 (S.D. Ohio Aug. 23, 2018) (granting plaintiff's motion to transfer to avoid defense available to defendant only in transferor forum and finding that plaintiff's choice of second forum weighs in favor of transfer); *Wise v. PACCAR, Inc.*, No. 2:22-cv-2689, 2024 U.S. Dist. LEXIS 81440, at 6-7 (S.D. Ohio May 3, 2024) (even if there is an indication of forum shopping on behalf of a movant, the standard analysis still applies: "[P]laintiffs, just like defendants, may invoke § 1404 to seek transfer for the convenience of the parties and the interests of justice") (citing *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir. 1961) ("The right to a transfer under the statute is available to a plaintiff as well as a defendant. A plaintiff is not bound by his choice of forums, if he later discovers that there are good reasons for transfer."))).

The argument that Plaintiff's motion is purely motivated by forum shopping should be rejected as it is both false and irrelevant to the § 1404 analysis. As another district court appropriately reasoned:

> The potential harm from plaintiff-initiated transfers is minimal because even without § 1404(a), a plaintiff already has the option of shopping for a forum with the most favorable law. As [d]efendant acknowledges, [p]laintiff could have commenced this action in the [proposed new venue], and [d]efendant would be no better or worse off in that scenario than if the court permits transfer at this point. *Thus, even if forum-shopping is in play, the proper course is for the court to consider the usual § 1404(a) factors.*

*Wise*, 2024 U.S. Dist. LEXIS 81440, at *7 (emphasis added).

Indeed, Teleflora vehemently opposes transfer despite acknowledging California would be a far more convenient forum for Teleflora, claiming it does not wish to shift its own inconvenience onto Plaintiff. Teleflora's opposition reveals that its concern is not convenience or the interests of justice, but a perceived tactical advantage by proceeding in this forum, where the governing legal issues remain unsettled or unaddressed. Rather than litigating in the forum that is most convenient

for the parties and witnesses and where the law is clear, Teleflora seeks to manufacture intra-circuit and circuit splits on these novel issues—yet to be decided by a district court in the Eastern District of Virginia or the Fourth Circuit. At bottom, Teleflora opposes transfer because it believes the uncertainty of the law improves its chances of prevailing. Such a preference for favorable law is not a legitimate basis to deny transfer under 28 U.S.C. § 1404(a).

Instead, judicial economy and the interests of justice would be served by a transfer as it would effectively resolve Teleflora's motion to dismiss. *See Whitfield*, 2026 U.S. Dist. LEXIS 28169, at *7-8; *Smith*, 2018 U.S. Dist. LEXIS 143527, at *8-9 (S.D. Ohio Aug. 23, 2018).

### 2. California is the More Convenient Forum: All of the Evidence and Witnesses Are There.

Aside from the Plaintiff himself, all of the witnesses are located in California. As is all of the evidence regarding Teleflora's telemarketing campaigns and text messaging systems. Teleflora does not legitimately refutes these facts.

Yet Teleflora insists throughout its response that Plaintiff's arguments regarding the situs of evidence and witnesses is "speculation." That is false. Again, Teleflora does not state that it has employees or Teleflora witnesses with knowledge of the dispute in Virginia (or anywhere other than California). It also concedes all of the sources of evidence, including its records and documents, are located in California. Plaintiff's contention regarding the convenient location of California is not speculation—Teleflora only operates in California and its marketing employees are located in California—Plaintiff's claims are logical, reasonable, and factual.

This case has been pending for nearly a year with no discovery and no initial disclosures, which is why Plaintiff has not yet identified the specific names of all individuals with knowledge of Teleflora's unlawful SMS telemarketing campaigns, who work out of its California offices. What Plaintiff has demonstrated, however, is that Teleflora does not operate in or employ any

person in the Commonwealth of Virginia, and that Teleflora does not dispute that California would be the most convenient forum for Teleflora.

Teleflora attempts to argue that two potential witnesses who could have "potential knowledge regarding Plaintiff's usage of his cellphone," "(on information and belief, appear to be based in Virginia"—*i.e.*, Plaintiff's alleged girlfriend and one-time roommate. ECF 62-1 ¶ 3. These witnesses are not witnesses at all—neither has any relevant knowledge about the facts of this case, Plaintiff's claims, or possible defenses. Teleflora was also unable to set forth what, if anything, it believes those individuals could possibly testify to or offer as potential witnesses that would have any bearing on the claims. *See, e.g.*, *id.*; ECF 62 at 13. Instead, Teleflora's identification of those individuals is a transparent last ditch effort to make some showing that there is someone—anyone—who is a witness and is not located in California. Because Plaintiff's girlfriend and one-time roommate have no knowledge of anything relevant to this case, this Court should reject Teleflora's weak suggestion transfer should be denied for the convenience of those "witnesses."

Contrary to Teleflora's argument there is no strict requirement for the movant's submission of an affidavit outlining every witness's specific testimony and explanation of why live testimony is needed. *See generally id.* This was acknowledged by the court in *Koh*, a case repeatedly cited by Teleflora to suggest Plaintiff was required to specifically identify every witness by name and expected testimony (he was not): "[T]here is a 'tension in transfer motions between the duty to file such motions early in the action and the need to support that motion with affidavits identifying witnesses and the materiality of their testimony, information which may not be known until later in the case.'" *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 636-37 (E.D. Va. 2003) (quoting *Affinity Memory & Micro, Inc. v. K & Q Enters.*, 20 F. Supp. 2d 948, 955 n.13 (E.D. Va. 1998)). Those are the circumstances here because there has been no discovery. And, in these

6

circumstances, "it is permissible [for the court] to infer, absent any contrary evidence from the non-movant, that witnesses are located at or near the center of the allegedly [unlawful] activities and that witnesses involved in the [unlawful activity] … are material." *Id.* (quoting *Corry v. CFM Majestic, Inc.*, 16 F. Supp. 2d 660, 667 n.16 (E.D. Va. 1998) (finding sufficient proof of witness inconvenience where the record as a whole supported the conclusion that the majority of the witnesses were located where the allegedly infringing activities chiefly occurred); *Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F. Supp. 2d 741 (E.D. Va. 2003) (finding sufficient proof of witness inconvenience where the defendant submitted a witness list confirming that most of the individuals involved in the [alleged unlawful conduct] were in California). Thus, the *Koh* court granted the motion to transfer to California, noting that the movants did not specifically set forth any potential witness testimony, but identified two entities that allegedly participated in the unlawful conduct that were in California, the transferee forum. The Court should find similarly here. In deciding a motion to transfer, this Court has significant discretion and the analysis is highly fact dependent on a case-by-case basis consideration of convenience and fairness. *See Hengle v. Curry*, No. 3:18-cv-100, 2018 U.S. Dist. LEXIS 100939, WL 3016289 at *16 (E.D. Va. Jun. 15, 2018).

There is also no requirement that Plaintiff show a "change in circumstances" to warrant transfer under § 1404 in this Circuit. *See generally Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 995 (E.D. Va. 2011). But even if that was a requirement, it would be satisfied here. This is because when Plaintiff first filed his class action complaint, the state of the law regarding the scope of § 227(c) to text messages was clear and well-settled, including in this Circuit. However, the Supreme Court's decision in *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 606 U.S. 146 (2025), later gave rise to uncertainty and lack of clarity as to the deference afforded

7

to the Federal Communication Commission's ("FCC") rulings and regulations interpreting the TCPA. *See id.* at 168. And since that time, the intra-circuit and Circuit splits have only added to the upheaval in the application of § 227(c) and text messages. The law is far from settled in this Circuit, but is now decided in the Ninth Circuit.

And Teleflora's motion to dismiss is predicated almost entirely on this change in the law—or change in circumstance. ECF 53, 54; *see Harry Rich Corp. v. Curtiss-Wright Corp.*, 308 F. Supp. 1114, 1118 (S.D.N.Y. 1969) (granting plaintiff's motion to transfer venue, finding new case law showing defendant was amenable to suit in transferee district constituted change in circumstance and warranted transfer under § 1404); *see also Chmura Econ. & Analytics, LLC v. Lombardo*, Civil Action No. 3:19cv813, 2020 U.S. Dist. LEXIS 238947, at *1 (E.D. Va. Dec. 18, 2020) (granting plaintiff's motion to transfer where collective action asserting the same or similar claims were filed in transferee district); *Simpson v. J.G. Wentworth Co.*, No. 22-2911-KSM, 2023 U.S. Dist. LEXIS 9867, at *15-16 (E.D. Pa. Jan. 19, 2023) (finding change in circumstance not required but, nevertheless, finding such a burden would be "slight" and was satisfied, granting plaintiff's motion to transfer after discovery in TCPA case: "Because Plaintiff did not know DMS's identity or whereabouts when he initially filed this action in the Eastern District of Pennsylvania, he has sufficiently demonstrated a change in circumstances since the lawsuit's initiation."); *Glob. Appraisal Sols., LLC v. Ashley*, No. 20-CV-60889-RAR, 2021 U.S. Dist. LEXIS 69147, at *11 (S.D. Fla. Apr. 9, 2021) (granting plaintiff's motion to transfer venue over objection, finding convenience of witnesses and evidence located in transferee district).

Moreover, because this is a nationwide class action, the situs of the evidence and witnesses is the most important consideration as to convenience. Teleflora's contention that the fact that this case is a putative nationwide class action under a federal statute should be disregarded. As noted

by another district court, when defendant offers a sale in a certain state, that criterion suggests "the instant lawsuit could have been filed in any state" because "this sales activity is not unique to Virginia." *Lugus IP LLC v. Volvo Car Corp.*, No. 3:11CV811-HEH, 2012 U.S. Dist. LEXIS 67999, at *13-14 (E.D. Va. May 14, 2012). At that point, "the more important question becomes 'where the majority of the witnesses and evidence is located.'" *Id.* (quoting *Agilent Techs, Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 327 n.3 (E.D. Va. 2004). Here, the overwhelming answer is the Central District of California.

Teleflora's cited cases are also readily distinguishable. This is a TCPA nationwide class action, and while Plaintiff McGonigle received the unlawful text messages from Teleflora in Virginia, so too did potential class members receive text messages in all fifty other states. And the text messages were sent by Teleflora in California. Critically, here, Teleflora's text messaging and telemarketing activities and operations are all based in California, as are its marketing employees and all of the evidence needed to support Plaintiff's claims. Unlike in the cases cited by Teleflora, the injury here, like in any TCPA case, was the receipt of a violative text message (not a slip and fall injury, not sex discrimination, not defective product injury, among other categorically distinct types of injuries in cases). That makes the case unique, and the common evidence to prove Plaintiff and the class's claims is all in California in Teleflora's possession. *See, e.g.*, *Orrell v. Motorcarparts of Am., Inc.*, No. 3:06CV418-C, 2007 U.S. Dist. LEXIS 20672, at *2-3 (W.D.N.C. Mar. 22, 2007) (denying plaintiff's motion to transfer in readily distinguishable case, where a North Carolina plaintiff who worked in Charlotte, North Carolina, brought employment discrimination claims against employer for conduct that occurred in North Carolina).

Even the court in *Koh*, cited throughout Teleflora's response, held that "the center of the accused activity was in California, and the predominant number of the potential witnesses and

9

documents were in California. These factors weigh[] strongly in favor of transferring the action." 250 F. Supp. 2d at 628. The same is true here.

3. **Transferring to California Does Not Risk Inconsistent or Duplicative Litigation But Does Promote Judicial Efficiency and Economy.**

Teleflora also claims that other pending TCPA cases involving Plaintiff McGonigle require denial of the motion to transfer, or risk inconsistent results due to the transfer. *See* ECF 62 at 15 n.5. The opposite is true.

As an initial matter, the four cases Teleflora cites, *McGonigle v. Robbins Research Int'l, Inc.*, No. 1:25-cv-00800 (E.D. Va. May 8, 2025); *McGonigle v. Telescents, Inc.*, No. 1:25-cv-00845 (E.D. Va. May 15, 2025); *McGonigle v. Dickey's Barbecue Restaurants, Inc.*, 1:25-cv-01062 (E.D. Va. June 24, 2025); *McGonigle v. Why Direct LLC*, No. 3:25-cv-00934 (E.D. Va. Nov. 4, 2025), are each assigned to a different district court judge.[3] That fact alone risks inconsistent rulings on the novel in the Fourth Circuit statutory interpretation issues that are at the heart of Teleflora's motion to dismiss. Transfer of the case would serve the interests of judicial economy (and justice) by helping to prevent such a split.

Additionally, are not in the same procedural posture as the instant case. ECF 62 at 15. For example, in *Robbins Research*, a notice of settlement was filed on February 2, 2026; that case has been effectively closed. *See Robbins*, ECF 60, 61. *Telescents* has been stayed since November 1, 2025 for mediation. And there is a motion to compel arbitration pending in *Why Direct LLC* as well as a motion to stay (issues not present in the instant case). Only in *Dickey's Barbecue* is a

---

[3] *Robbins Research* is assigned to Judge Brinkema; *Telescents* is assigned to Judge Nachmanoff; *BBQ Restaurants* is assigned to Judge Rossie D. Alston, Jr.; and *Why Direct* is assigned to Judge Young.

motion to dismiss pending, and that motion does not raise the issue of whether text messages are subject to the TCPA National Do Not Call Registry provision.

Moreover, Teleflora generally does not contest that docket considerations in California also favor transfer: the Central District of California moves its docket quicker from filing to disposition. ECF 62 at 15. Teleflora attempts to downplay that fact, and contends that while that is true, this District moves its cases faster to *trial*. *Id.* Such nonsensical arguments should be disregarded. At bottom, this case would be more quickly resolved and would gain finality based on the docket conditions in the Central District of California. The case has been pending in this District for nearly a year, and the case has not made substantial progress yet.

While Teleflora openly admits that the case is effectively just beginning and no discovery has occurred, it also argues that because it has been pending for a year (with no substantive rulings), "[t]ransferring the case at this stage would require a new court to duplicate the time and effort already expended and potentially revisit issues already presented to this Court." ECF 62 at 15. Teleflora cannot have it both ways. This Court has not make any substantive rulings, and, contrary to Teleflora's position, the procedural posture (alongside unsettled state of the law), judicial economy, and efficiency weigh strongly in favor of transfer to California.

## CONCLUSION

In sum, transferring the case to California reinforces the interests of justice and judicial economy that § 1404(a) is designed to protect because the law applicable to the parties' dispute is well settled there, and because the evidence and the bulk of the witnesses are also located there.

Dated: March 11, 2026

Respectfully Submitted,

PLAINTIFF,
By his attorney

*/s/ William Robinson*
William Robinson
VSB:76098
319 N. Piedmont St., #1
Arlington VA. 22203
ph. 703-789-4800
wprlegal@gmail.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
**Attorney for Plaintiff**