**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

ANDREW JAMES MCGONIGLE,
*on behalf of himself and*
*others similarly situated,*

Plaintiff,

vs.

TELEFLORA LLC,

Defendant.

Civil Action No.: 1 :25-cv-00807 MSN-WEF

**DEFENDANT TELEFLORA LLC'S ANSWER TO SECOND AMENDED COMPLAINT**

Defendant Teleflora LLC ("Teleflora" or "Defendant"), by and through its counsel, hereby files its Answer and Affirmative Defenses to the Second Amended Complaint ("SAC") filed by Plaintiff Andrew James McGonigle ("Plaintiff") as follows:

**Nature of this Action**

1. Defendant admits that Plaintiff purports to bring a putative class action against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Defendant denies all other allegations or characterizations contained in Paragraph 1 of the SAC.

2. The allegations contained in Paragraph 2 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 2 of the SAC.

**Jurisdiction and Venue**

3. The allegations in Paragraph 3 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that the Court has subject matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331. Except as specifically admitted, Defendant denies the allegations in Paragraph 3.

4. The allegations in Paragraph 4 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 4.

5. Defendant admits the allegations in the first sentence of Paragraph 5 relating to Defendant's organization under the laws of Delaware and its principal place of business in California. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 5 of the SAC relating to Plaintiff's residence, and, on that basis, denies them. The remaining allegations contained in Paragraph 5 of the SAC state legal conclusions to which no response is required. Except as specifically admitted, Defendant denies the allegations in Paragraph 5.

6. Defendant admits that Plaintiff has alleged a proposed Virginia subclass. The remaining allegations contained in Paragraph 6 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the SAC and, on that basis, denies them.

7. The allegations contained in Paragraph 7 of the SAC state legal conclusions to which no response is required and cites regulations or statutes which speak for themselves. To the extent that a response is required, Defendant denies the allegations in Paragraph 7 of the SAC, including any allegation that Plaintiff is entitled to statutory damages.

8. The allegations contained in Paragraph 8 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the SAC and, on that basis, denies them.

9. The allegations contained in Paragraph 9 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff has alleged that venue is proper pursuant to 28 U.S.C. § 1391(b). Except as specifically admitted, Defendant denies the allegations in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the SAC and, on that basis, denies them.

**Parties**

11. Defendant admits that Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 11 of the SAC and, on that basis, denies them.

12. Defendant admits the allegations in Paragraph 12 of the SAC.

**Factual Allegations**

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the SAC and, on that basis, denies them.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the SAC and, on that basis, denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the SAC and, on that basis, denies them.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the SAC and, on that basis, denies them.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the SAC and, on that basis, denies them.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the SAC and, on that basis, denies them.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the SAC and, on that basis, denies them.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the SAC and, on that basis, denies them.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the SAC and, on that basis, denies them.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the SAC and, on that basis, denies them.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the SAC and, on that basis, denies them.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the SAC and, on that basis, denies them.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the SAC and, on that basis, denies them.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the SAC and, on that basis, denies them.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the SAC and, on that basis, denies them.

28. The allegations contained in Paragraph 28 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that the text messages referenced therein contain hyperlinks to Defendant's website, further avers that

the text messages referenced therein speak for themselves, and denies any allegations inconsistent therewith. Given that the SAC does not provide a complete phone number, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 of the SAC and, on that basis, denies them.

29. This paragraph does not contain factual allegations to which an answer is required. To the extent that Paragraph 29 of the SAC is construed to contain factual allegations that require a response, Defendant admits that the text messages reproduced therein contain hyperlinks to Defendant's website, further avers that the text messages referenced therein speak for themselves, and denies any allegations inconsistent therewith. Given that the SAC does not provide a complete phone number, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 of the SAC and, on that basis, denies them.

30. Defendant admits that the text messages referenced therein contain hyperlinks to Defendant's website, further avers that the text messages referenced therein speak for themselves, and denies any allegations inconsistent therewith. Given that the SAC does not provide a complete phone number, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 30 of the SAC, including those relating to Plaintiff's purported registration with the DNC Registry and, on that basis, denies them.

31. Given that the SAC does not provide a complete phone number, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the SAC and, on that basis, denies them.

32. The allegations contained in Paragraph 32 of the SAC state legal conclusions to

which no response is required. To the extent that a response is required, Defendant admits that the text messages referenced therein contain hyperlinks to Defendant's website, further avers that the text messages referenced therein speak for themselves, and denies any allegations inconsistent therewith.

33. Given that the SAC does not provide a complete phone number, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the SAC and, on that basis, denies them.

34. Given that the SAC does not provide a complete phone number, among other reasons, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34 of the SAC and, on that basis, denies them.

35. The allegations contained in Paragraph 35 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the SAC and, on that basis, denies them.

36. The allegations contained in Paragraph 36 of the SAC state legal conclusions to which no response is required. Given that the SAC does not provide a complete phone number, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 36 of the SAC, including those relating to Plaintiff's purported registration with the DNC Registry and, on that basis, denies them.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the SAC and, on that basis, denies them.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the SAC and, on that basis, denies them.

**Class Action Allegations**

39. The allegations contained in Paragraph 39 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 39 and further avers that no class—or any purported sub-class—could be certified in this action.

40. The allegations contained in Paragraph 40 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 40 and further avers that no class—or any purported sub-class—could be certified in this action.

41. The allegations contained in Paragraph 41 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 41 and further avers that no class—or any purported sub-class—could be certified in this action.

42. The allegations contained in Paragraph 42 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 42 and further avers that no class—or any purported sub-class—could be certified in this action.

43. The allegations contained in Paragraph 43 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 43 and further avers that no class—or any purported sub-class—could be certified in this action.

44. Defendant denies the allegations in Paragraph 44 of the SAC, including any allegation therein regarding the propriety of any putative class action.

45. Defendant denies the allegations in Paragraph 45 of the SAC, including any allegation therein regarding the propriety of any putative class action.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the SAC regarding "solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry[,]" including because Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's purported registration with the DNC Registry and, on that basis, denies such allegations. Defendant denies the remainder of the allegations in Paragraph 46 of the SAC, including any allegation therein regarding the propriety of any putative class action.

47. The allegations contained in Paragraph 47 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 47 of the SAC, including any allegation therein regarding the propriety of any putative class action.

48. The allegations contained in Paragraph 48 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 48 of the SAC, including any allegation therein regarding the propriety of any putative class action.

49. The allegations contained in Paragraph 49 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 49 of the SAC, including any allegation therein regarding the propriety of any putative class action.

50. Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 50 of the SAC and, on that basis, denies such allegations, including any allegation therein regarding the propriety of any putative class action.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the SAC and, on that basis, denies such allegations, including any allegation therein regarding the propriety of any putative class action.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the SAC and, on that basis, denies such allegations, including any allegation therein regarding the propriety of any putative class action.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the SAC and, on that basis, denies such allegations, including any allegation therein regarding the propriety of any putative class action.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the SAC and, on that basis, denies such allegations, including any allegation therein regarding the propriety of any putative class action.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the SAC and, on that basis, denies such allegations, including any allegation therein regarding the propriety of any putative class action.

56. The allegations contained in Paragraph 56 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 56 of the SAC, including any allegation therein regarding the propriety of any putative class action.

57. The allegations contained in Paragraph 57 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the

allegations in Paragraph 57 of the SAC, including any allegation therein regarding the propriety of any putative class action.

58. The allegations contained in Paragraph 58 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 58 of the SAC, including any allegation therein regarding the propriety of any putative class action.

59. The allegations contained in Paragraph 59 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 59 of the SAC, including any allegation therein regarding the propriety of any putative class action.

60. The allegations contained in Paragraph 60 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 60 of the SAC, including any allegation therein regarding the propriety of any putative class action.

61. The allegations contained in Paragraph 61 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 61 of the SAC, including any allegation therein regarding the propriety of any putative class action.

62. The allegations contained in Paragraph 62 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 62 of the SAC, including any allegation therein regarding the propriety of any putative class action.

63. The allegations contained in Paragraph 63 of the SAC state legal conclusions to

which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 63 of the SAC, including any allegation therein regarding the propriety of any putative class action.

64. The allegations contained in Paragraph 64 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 64 of the SAC, including any allegation therein regarding the propriety of any putative class action.

65. The allegations contained in Paragraph 65 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 65 of the SAC, including any allegation therein regarding the propriety of any putative class action.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**

66. Defendant hereby incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 65 presented of its Answer as though fully set forth herein.

67. The allegations contained in Paragraph 67 of the SAC state legal conclusions to which no response is required and cites federal regulations or statutes which speak for themselves. To the extent that a response is required, Defendant denies the allegations in Paragraph 67 of the SAC.

68. The allegations contained in Paragraph 68 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 68 of the SAC.

69. The allegations contained in Paragraph 69 of the SAC state legal conclusions to

which no response is required and cites federal regulations or statutes which speak for themselves. To the extent that a response is required, Defendant denies the allegations in Paragraph 69 of the SAC.

70. The allegations contained in Paragraph 70 of the SAC state legal conclusions to which no response is required and cites federal regulations or statutes which speak for themselves. To the extent that a response is required, Defendant denies the allegations in Paragraph 70 of the SAC.

71. The allegations contained in Paragraph 71 of the SAC state legal conclusions to which no response is required and cites federal regulations or statutes which speak for themselves. To the extent that a response is required, Defendant denies the allegations in Paragraph 71 of the SAC.

72. Defendant denies the allegations contained in Paragraph 72 of the SAC.

73. Defendant denies the allegations contained in Paragraph 73 of the SAC.

74. The allegations contained in Paragraph 74 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 74 of the SAC.

**Count II**
**Violation of the Virginia Telephone Privacy Protection Act**
**Va. Code Ann. §§ 59.1-510 et seq.**

75. Defendant hereby incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 74 presented of its Answer as though fully set forth herein.

76. The allegations contained in Paragraph 76 of the SAC state legal conclusions to which no response is required and cites regulations or statutes which speak for themselves. To the extent that a response is required, Defendant denies the allegations in Paragraph 76 of the

SAC.

77. The allegations contained in Paragraph 77 of the SAC state legal conclusions to which no response is required and cites regulations or statutes which speak for themselves. To the extent that a response is required, Defendant denies the allegations in Paragraph 77 of the SAC.

78. Defendant denies the allegations contained in Paragraph 78 of the SAC.

79. The allegations contained in Paragraph 79 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 79 of the SAC.

80. The allegations contained in Paragraph 80 of the SAC state legal conclusions to which no response is required and cites regulations or statutes which speak for themselves. To the extent that a response is required, Defendant denies the allegations in Paragraph 80 of the SAC.

81. The allegations contained in Paragraph 81 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 81 of the SAC.

82. The allegations contained in Paragraph 82 of the SAC state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 82 of the SAC.

## ANSWER TO THE PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief or remedy whatsoever, including the certification of a class action, damages, monetary relief, injunctive relief, orders, costs, attorneys' fees or any other relief of any kind based on the SAC.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff has demanded a trial by jury of any and all triable issues. Defendant denies that Plaintiff or any purported class member is entitled to a jury trial against Defendant.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant further responds to Plaintiff's SAC by asserting the following affirmative defenses, without assuming the burden of proof or persuasion, where such a burden is otherwise on Plaintiff pursuant to applicable substantive or procedural law. All defenses are alleged as to Plaintiff and, in the event that this case is permitted to proceed on a class basis (though it should not be), as to any other member of the purported class or sub-class. Defendant reserves the right to assert additional separate defenses at such time and to such extent as warranted by discovery and the factual developments in this case. By alleging the defenses below, Defendant does not in any way agree or concede that Plaintiffs have properly stated any cause of action in their SAC.

### FIRST AFFIRMATIVE DEFENSE

The SAC, and each and every cause of action contained therein, fails to state a claim upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

The SAC and each of its causes of action and forms of relief sought therein are barred, in whole or in part, because Plaintiff and/or the putative class members lack standing to assert the causes of action alleged in the SAC, including, among other reasons, because they have sustained no damages or injury.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff and the putative class members cannot recover from Defendant under the SAC

to the extent that Plaintiff and the putative class members have not alleged that they have sustained or suffered any concrete injury. Plaintiff and the putative class members rely entirely on the allegation of statutory violations to create an Article III injury, without sufficient allegations of concrete and particularized injury, and therefore lack Article III standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members cannot recover from Defendant under the SAC and their claims are barred, in whole or part, because Plaintiff and the putative class members cannot show that they are entitled to damages as a result of any actionable injury or damage as a result of any actions allegedly taken by Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of any putative class member are barred, in whole or in part, by the doctrine of consent, because Plaintiff and the putative class members ratified, waived, or otherwise consented to the conduct alleged in the SAC. Plaintiff and the putative class members provided express consent directly, or through someone acting on their behalf as owners/subscribers or the regular users of the subject phone and/or other authorized parties, persons, and entities provided express consent.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of any putative class member are barred, in whole or in part, because Defendant has "established and implemented, with due care, reasonable practices and procedures" to prevent telephone solicitations in violation of the TCPA and took reasonable steps to comply with the TCPA. 47 U.S.C. § 227(c)(5)(C).

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of any putative class member are barred, in whole or in part, by the doctrine of ratification and because Plaintiff and/or any putative class member expressly or impliedly acquiesced to any conduct engaged by Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant did not proximately cause any damages, injury, or violation alleged in the SAC. Damages or injuries suffered by Plaintiff or the putative class members, if any, are attributable to the conduct, acts and/or omissions of third parties, and not Defendant.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that the text messages of the type alleged in the SAC fall within the TCPA safe harbor for calls/text messages post number reassignment.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members have waived and released whatever rights they may have had to assert any alleged cause of action against Defendant, and are therefore barred from asserting the purported causes of action in the SAC.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members are, by their own conduct and omissions, barred from asserting any claims or damages or from seeking other relief from Defendant by the doctrines of estoppel, acquiescence, waiver and/or unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members have failed to take adequate steps to mitigate, minimize, alter, reduce, or otherwise diminish their damages, if any, with respect to the matters alleged in the SAC and, by reason of the foregoing, are barred from relief and the recovery of damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The SAC is barred, in whole or in part, by any applicable statute of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that any alleged damages suffered by Plaintiff or any putative class member were the direct and proximate result of the acts, omissions, or conduct of the Plaintiff and/or any putative class member.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members cannot recover from Defendant, individually or as a class, for punitive or exemplary damages as the SAC fails to allege facts sufficient to support any such award, which would also be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and/or the Constitution of Virginia.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

**NINETEENTH AFFIRMATIVE DEFENSE**

The alleged text messages made to the Plaintiff and the putative class members were received on non-residential phone lines.

**TWENTIETH AFFIRMATIVE DEFENSE**

Each of the purported claims for relief alleged in the SAC is barred, in whole or in part, because any such damages sought are speculative and/or cannot be ascertained with reasonable certainty.

**TWENTY-FIRSTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members' claims for equitable and injunctive relief are barred because they cannot show that they will suffer any irreparable harm and any alleged injury or damage suffered by Plaintiff and the putative class, if any, would be adequately compensated by damages. Accordingly, Plaintiff and the putative class members have a complete and adequate remedy at law and are not entitled to seek equitable relief.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Any and all claims alleged in the SAC are barred to the extent that Plaintiff and/or putative class members had a prior or established business relationship, as that term is defined under the TCPA, with Defendant, its subsidiaries, or the persons or companies making the alleged text messages.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The claims in the SAC are not suitable for class, representative, and/or collective treatment. To the extent Plaintiff purports to certify a class, Plaintiff's allegations cannot meet the requirements of federal or state statutes and corresponding case law to maintain a class action under the requirements of Rule 23 under the Federal Rules of Civil Procedure, including because Plaintiff's claims are not typical of the claims of each putative class member; the alleged classes do not have sufficient numerosity; common issues of law and fact do not sufficiently predominate; the alleged classes do not have sufficient commonality of injuries and damages;

there is no benefit to the litigants or the Court in maintaining this action as a class action; Plaintiff and his counsel are unable to fairly and adequately protect the interests of the putative class members; there are insurmountable difficulties in any attempt to proceed as a class action; and/or class action status is not superior to maintaining this action as an individual action in the normal course of the judicial system.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The SAC fails to allege facts sufficient to allow recovery of attorneys' fees from Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Some or all of the putative class members may be subject to mandatory arbitration and/or class action waiver provisions.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The SAC fails to sufficiently plead jurisdiction under the Class Action Fairness Act for the secondary cause of action under the VTPPA.

**RESERVATION OF AFFIRMATIVE DEFENSES**

Defendant asserts that it has insufficient information upon which to form a belief as to the existence of additional, as yet unstated, affirmative defenses. Defendant reserves the right to assert any and all additional affirmative defenses it determines apply as a result of discovery and subsequent investigation and analysis.

**WHEREFORE**, having fully answered the SAC, Defendant prays for judgment on the SAC as follows:

1. That Plaintiff's SAC be dismissed with prejudice and that Plaintiffs take nothing from Defendant under the claims alleged in the SAC;

2. That judgment be entered in favor of Defendant and against Plaintiff;

3. That Defendant be awarded its reasonable attorneys' fees and costs to defend this

suit, and;

4. For such other and further relief as the Court may deem just and proper.

DATED: March 27, 2026

*/s/ Connor Kelley*

Kristina M. Diaz (*Pro Hac Vice*)
J. P. Pecht (*Pro Hac Vice*)
Lauren Fishelman (*Pro Hac Vice*)
Tatiana Wallace (*Pro Hac Vice*)
ROLL LAW GROUP PC
11444 West Olympic Boulevard
Los Angeles, California 90064-1557
Telephone: (310) 966-8400
Facsimile: (310) 966-8810
kristina.diaz@roll.com
jp.pecht@roll.com
lauren.fishelman@roll.com
tatiana.wallace@roll.com

Connor Kelley (VA Bar No. 93596)
COVINGTON & BURLING LLP
850 10th Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5628
ckelley@cov.com

Attorneys for TELEFLORA LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to all counsel of record.

By: /s/ Connor Kelley
Connor Kelley